[No. 5,971.]

## RICHARDSON *v.* MUSSER ET AL.

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE.—The petition for the sale of real estate considered in this case, *held* to be sufficient under § 155, Probate Act.

ID. — ID. — ATTORNEY FOR MINOR HEIRS. — Under § 159, Probate Act, (as it stood prior to the amendment of 1861) it was not requisite that the attorney appointed to represent the minor heirs should have ten days' notice of the hearing of the petition.

STIPULATION.—A court has power to relieve a party from the effects of a stipulation which admits a fact which is not true.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Fifteenth District Court, City and County of San Francisco.  DWINELLE, J.

The plaintiff was the heir of Ann Dubois, deceased, who was admitted to have died seized of the land in controversy. The defendants deraigned title under a deed of her administrator, made in pursuance of an order of sale of the Probate Court.

The petition for the sale shows that there was personal property in the hands of the administrator undisposed of, but not sufficient for the payment of debts and charges of administration.  The attorney for the minor heirs was appointed on the day of the hearing and of the making of the order of sale, and consented to the same.  The other facts are stated in the opinion.

*G. W. Tyler*, for Appellant.

The petition should show what personal property came to the administrator's hands, and that the same was exhausted.  (Probate Act, § 155.)

The attorney for minor heirs should have had at least ten days' notice of hearing of the petition. (Id. §§ 157–9.)

The Court erred in setting aside the stipulation. (*Glotzback* v. *Foster*, 11 Cal. 37; *St. John* v. *Kidd*, 26 Id. 263; *Keys* v. *Warner*, 45 Id. 60; *Donner* v. *Palmer*, 5 Id. 63; *Cook* v. *Allen*, 67 N. Y. 578.)

*A. M. Crane,* and *Taylor & Haight,* for Respondent.

Department No. 1, McKINSTRY, P. J.:

Complaint by plaintiff, claiming to be the owner, to recover possession of certain real estate held adversely by defendants. Answer, general denial; that the action is barred by the provisions of certain sections of the Code of Civil Procedure; and by some of defendants, an admission that they are severally in possession of designated portions of the demanded premises, and a disclaimer as to the rest.

1st. The petition of the administrator of the estate of Ann Dubois, deceased, of the 21st of November, 1859, was sufficient to give the Probate Court jurisdiction to make the order of sale of the real estate. The petition contains every averment made necessary by the statute then in force. (§ 155, Probate Act of 1851, Statutes 1851, p. 448.)

2nd. Nor, as the law then stood, was it requisite that the attorney appointed to represent the minor heirs should have ten days' notice of the hearing of the petition. (See Probate Act of 1851, § 159, as the same read prior to the Amendment of 1861.)

3rd. The District Court committed no error in relieving defendants of the stipulation which had been entered into by counsel. It clearly appeared that it was signed inadvertently and under a mistake, in respect to a fact of which plaintiff must be presumed to have had knowledge, to wit: the plaintiff's age—and that counsel for defendants were misled to consent that plaintiff's age was nineteen years, (when in fact it was twenty-eight or thirty) by representations, which however innocently made, were both erroneous and such as counsel for defendants could rely upon without any suspicion of negli-

gence on their part.    There can be no doubt of the *power* of the trial court to relieve a party from the effects of a stipulation which admits as a fact that which is not true, if the application is made in proper time.

4th.  There was no motion for a new trial on the ground of "surprise."  If there had been, there is nothing in the transcript to indicate but that plaintiff had ample opportunity to prove her age to be less than claimed by defendants, on the motion to set aside the stipulation, if she had desired to do so.   On the hearing of the motion to set aside the stipulation, there was no dispute that she was of about the age alleged by defendants.

Judgment and order affirmed.

McKEE, J., and ROSS, J., concurred.