## WELSH ET AL. V. NOYES ET AL.

10   133
11   610

1. A justice of the peace has, under the statute, jurisdiction to try the issue raised by an answer in garnishee process setting forth that the garnishees held property by virtue of a chattel mortgage to them, to which a traverse is made alleging fraud and delaying creditors, and charging the garnishees with knowledge and participation in the fraud.
2. Under the statutes, the superior court of Denver has jurisdiction in appeals from decisions of justices of the peace in garnishment causes.
3. A stipulation in a case by both parties, made for convenience and expedition, but by which counsel inadvertently admit facts not in accord with the premises, and injurious to their client, may be relieved against; but to strike out a portion of a stipulation on the suggestion of one party is error if such part be material. The entire stipulation should be canceled.

*Error to Superior Court, City of Denver.*

PLAINTIFFS commenced this action against Henry Lloyd before George L. Sopris, justice of the peace, for a demand for rent due in the sum of $172, and garnishee process issued, and defendants in error here, Noyes, Stark & Cross, were garnished by service of the garnishee summons. They answered the garnishee process as follows: " (1) Are you in any manner indebted to the defendant, Henry Lloyd, either property or money, and is the same now due? If not, when is the same to become due? State fully all particulars. *Answer.* We are not indebted to the defendant, but the defendant is indebted to us. We have in our possession property of the defendant which we hold, in connection with the Colorado Boot & Shoe Manufacturing Company, under a

chattel mortgage given to us and the Colorado Boot & Shoe Manufacturing Company by the defendant to secure indebtedness from said defendant to us and the said Colorado Boot & Shoe Manufacturing Company, which indebtedness has not been paid. (2) Have you in your possession, in your charge, or under your control, any property, effects, goods, chattels, rights, credits or choses in action of said defendant, or in which he is interested? If so, state what is the value of the same, and state fully all the particulars. *A.* We have some goods and merchandise of the defendants in our charge and under our control, as stated in answer to the last interrogatory, but of what value the same is we cannot tell. It inventories nearly $500, and is held to secure an indebtedness of a little over $300, and we believe at forced sale the said goods and merchandise would not sell for enough to pay said indebtedness. We have no other property, effects, goods, chattels, rights, credits or choses in action of said defendants in our possession or under our control. (3) Do you know of any debts owing to said defendant, whether due or not due, or any property, effects, goods, chattels, rights, credits or choses in action belonging to him, or in which he is interested, and now in the possession or under the control of others? If so, state the particulars. *A.* We do not."

To which the plaintiffs filed a traverse as follows:

"A. L. Welsh, of lawful age, being first duly sworn, says that he is one of the plaintiffs in the above-entitled action, which is pending before George L. Sopris, Esq., a justice of the peace in and for said county and state; that he has heard read the garnishees' answer herein and knows the contents thereof; that he was, at the time referred to in such answer, and at the commencement of this action, and is now, acquainted with the said garnishees and the defendant Henry Lloyd; that, at the time of giving the chattel mortgage, referred to in said

answer, a copy of 'which mortgage' is attached thereto, by the defendant to the mortgagees therein named (the Colorado Boot & Shoe Company and Noyes, Stark & Cross), the said defendant was justly indebted to the plaintiffs in the sum of $172, balance due them from him [defendant] for rent of store building, where the goods and chattels mentioned in said mortgage were at the time it was given; that such demand for rent is the basis for their cause of action in this suit; that affiant believes that the said mortgagees knew of the existence of said demand at the time of the making of such mortgage, and alleges the fact so to be; that said mortgage is void, as to plaintiff's said demand, for the following, among other reasons: *First.* The description of the property purported to be covered by such instrument is vague, indefinite and uncertain, and the same is therefore void. *Second.* That it appears on the face of such mortgage that a secret trust was reserved to the defendant Henry Lloyd, mortgagee, with reference to the property therein mentioned; that he was permitted to retain the possession thereof till he should make default in the conditions of such instrument, and to use and enjoy such property, which will more fully appear by reference to said mortgage, which is made a part thereof as fully as if the same was copied herein at length; that from the very nature of such property no such trust could have been or could be reserved to said defendant in such instrument without rendering the same void as to plaintiffs and other creditors. *Third.* That at the date of such mortgage, and for some time thereafter, the said mortgagee, by himself or servants, continued to sell and dispose of large portions of said property with the knowledge and consent of the said mortgagees, as affiant believes; that as to the amount of such sale this affiant is unable to state. *Fourth.* Affiant alleges, upon information and belief, that said mortgage was not taken by the aforesaid mortgagees for the sole

purpose of securing their *bona fide* debts, respectively, against said defendant, but for the purpose and with the intent (which purposes and intent were shared in by the said defendant mortgagees) of keeping the property mentioned in the said instrument out of the reach of plaintiffs and other creditors of said defendant, and to hinder and delay them in the collection of their just debts by process of law, and to keep the same intact from any such process for the uses, benefit and enjoyment of said defendant. *Fifth.* That said chattel mortgage is absolutely void as to plaintiff's said claim. That this affidavit is made by way of traverse of said garnishees' answer, and further affiant saith not.

"[Signed]          A. L. WELSH."

The chattel mortgage referred to was in the usual form; the description of the property being as follows: "All the stock of boots and shoes, of every kind and make, all the fixtures, and all and singular the personal property of every description belonging to and owned by the said party of the first part now situated in the premises known and numbered as 345, 16th street, in the city of Denver, in the county of Arapahoe and state of Colorado." And the debt was described therein as follows: "The just and full sum of $301.05, on or before the 1st day of April, 1883, with interest thereon according to the tenor and effect of two certain promissory notes given by the said party of the first part to the said parties of the second part, as follows: One of said notes, for $180.30, dated February 13, 1883, due April 1st, after date, to the Colorado Boot & Shoe Company; and one for $125.75, dated February 13, 1883, due April 1st, after date, to the order of Noyes, Stark & Cross; and each of said notes signed by the party of the first part under the name and style of Henry Lloyd,— then these presents to be void, otherwise to remain in full force and virtue."

The plaintiffs recovered judgment for the $172 against

the defendant Lloyd, and the issue'between the plaintiffs and the garnishees, Noyes, Stark & Cross, was submitted to the justice on the following stipulation:

"*A. L. Welsh & Co. v. Henry Lloyd.*

"Before Justice Sopris.

"The right of the plaintiff to recover of Noyes, Stark & Cross, garnishees herein, is submitted to the court on the following agreed state of facts, which are to be considered in connection with the law in the case: (1) The chattel mortgage hereto attached, and marked 'A,' is admitted to be a correct copy of the chattel mortgage which was executed by defendant in favor of garnishees *et al.*, and duly recorded; (2) that Niez & Co., the next day after such record, attached a part of the stock covered by such chattel mortgage; (3) that, the next day thereafter, mortgagees [garnishees] took possession of the stock in the store of defendant under their claim of right by virtue of such chattel mortgage; (4) that A. L. Welsh & Co. sued defendant Lloyd by attachment, as will appear from the summons hereto attached, and marked 'B,' and from the files of the case, and garnished Noyes, Stark & Cross; (5) that garnishees answered, as is shown by their answer hereto attached, and marked 'C;' (6) that A. L. Welsh & Co. traversed garnishees' answer, as will be seen by reference to paper 'D,' herewith filed. No legal proposition stated in garnishees' answer, or plaintiffs' traverse thereof, is admitted. All matters of fact therein stated are admitted to be substantially true. That garnishees have said, since garnishment, that they have the stock of goods taken under said chattel mortgage now in their cellar intact, and that should the defendant Lloyd return to the city, and pay off their claim, and that of the Colorado Boot & Shoe Company, they [garnishees] will return him [said Lloyd] the said stock of goods. Plaintiffs do not admit the said chattel mortgage is sufficient in law to relieve the garnishees from liability to plaintiffs [garnishors], while the garnishees

claim their answer fully and completely establishes their legal right to hold said stock of goods under said chattel mortgage, and release them from any liability to garnishors, plaintiffs under the garnishment proceedings therein. Under the facts and the law this case is now submitted.

"*Denver, Colorado, March 19, 1883.*

[Signed]          "A. L. WELSH & CO.,

"By their Attorneys.

"NOYES, STARK & CROSS,

"By their Attorneys."

Whereupon the justice gave judgment for the garnishees, and ordered their discharge, from which judgment the plaintiffs appealed to the superior court of Denver, and the same was submitted to that court upon the following stipulation:

"IN THE SUPERIOR COURT OF THE CITY OF DENVER, COUNTY OF ARAPAHOE, STATE OF COLORADO.

"*A. L. Welsh & Co., Plaintiffs, vs. Noyes, Stark & Cross, as Garnishees of Henry Lloyd, Defendants.*— In the Matter of the Garnishment of said Noyes, Stark & Cross.

"STIPULATION.

"This cause having been appealed from the decision and judgment rendered by G. L. Sopris, Esq., a J. P. in and for said county, in said matter of garnishment, to this court, now, therefore, it is mutually stipulated by and between said A. L. Welsh & Co., plaintiffs, and said garnishees, Noyes, Stark & Cross, and their attorneys, respectively, (1) that said matter, as to garnishees' liability herein, shall be submitted and determined in this court upon the same agreed statement of facts entered into between said parties in writing filed with such justice, and returned by him to the clerk of this court, as the evidence herein; (2) that the clerk of this court is authorized to file this stipulation, and attach the same to such

agreed statement of facts; (3) this stipulation, and such agreed statement of facts, after a decision in said matter, on application of either party, shall form and constitute the grounds for a bill of exceptions herein, and shall be signed, sealed, and allowed by said court, or the judge thereof, as such bill of exceptions.

"*Dated Denver, May 4, 1883.*"

Signed by plaintiffs' and garnishees' attorneys, June 21, 1883.

The plaintiffs and garnishees filed in said court a certain other stipulation in writing in said cause, which is in the following words and figures, to wit:

"[Title of Cause.]

"It is hereby mutually agreed and stipulated by and between the said plaintiffs and the said garnishees — *First*, that the only point in controversy between the said plaintiffs and garnishees is as to the validity of such chattel mortgage as against creditors of said defendant Henry Lloyd under the agreed state of facts herein, — plaintiffs taking negative, and garnishees the affirmative; *second*, that this stipulation shall be attached to the last stipulation filed in this cause, which shall then and there become a part thereof, and of the record herein.

"*Dated June 21, 1883.*"

Signed by plaintiffs' and garnishees' attorneys.

Afterwards, on the 24th day of November, 1883, the following motion and affidavit were filed:

"Now come the garnishees above named, and move the court either to order that the stipulation now filed in this court in this cause be withdrawn, and taken from the files of the court, or that the said stipulations be amended by striking out of the stipulations filed in this cause in the court of George L. Sopris, a justice of the peace within and for the county of Arapahoe, on the 15th day of March, A. D. 1883, the clause which reads as follows: ' All matters of facts therein stated are admitted to be substantially true.' And for grounds of motion

say: (1) That, when the said stipulation was made and entered into between the parties thereto, the several rea- sons set forth in the affidavit of A. L. Welsh, purporting to traverse the above-named garnishees' answer filed therein, why the garnishees' mortgage is void, which reasons are embraced in five paragraphs of said affidavit, numbered from one to five, inclusive, were not under- stood and intended by the parties thereto to be matters of fact which were admitted to be true, but were, by the parties to said stipulation, expressly understood and in- tended to be legal propositions which were not admitted. (2) That the said clause was inserted in said stipulation by mistake as to the scope and meaning thereof; counsel for the garnishees then believing and understanding that it did not, and was not to be taken to, admit as true any of the reasons contained in the affidavit of A. L. Welsh, purporting to traverse the answer of the above-named garnishees why the mortgage of the garnishees was void, said reasons being embraced in five paragraphs of the said affidavit, but believing and understanding that said reasons were legal propositions which the said clause did not cover. (3) That to allow said clause to remain in said stipulation would prevent a trial of the matters in issue in this cause, and cause a miscarriage of justice. And upon said motion, and in support thereof, the said garnishees will read the affidavits of George L. Sopris and P. L. Palmer, Esq., which affidavits are filed here- with.　　　　　J. W. HORNER, Att'y for Garnishees.

## "GEORGE L. SOPRIS' AFFIDAVIT.

"Geo. L. Sopris, of lawful age, being first duly sworn, deposes and says that he is a justice of the peace within and for the county of Arapahoe, in the state of Colorado; that he was such when the above-entitled cause was commenced before him, and continued to be such until this cause was removed from his court to the superior court of the city of Denver; that, as such justice, he had

jurisdiction over the matters in this cause; that on the 15th day of March, A. D. 1883, A. J. Sampson, Esq., acting as counsel for the plaintiffs, and J. W. Horner, who was represented by P. L. Palmer, acting as counsel for the above-named garnishees, filed in his court a stipulation as to the facts mutually admitted by both of said counsel, and this cause was submitted to him upon said statement of facts, and said counsel afterwards filed in his court their briefs upon the matters of law involved in this cause; that, when the said stipulation was filed in his court, he clearly understood that the reasons stated and set forth in the affidavit of A. L. Welsh, which are embraced in five paragraphs, why the chattel mortgage of the said garnishees was void, were considered and intended by the counsel for said parties to be propositions of law, and not matters of fact admitted by said counsel as true; that said understanding was gained from the conversation he heard between said counsel when said stipulation was agreed upon; that the counsel for the plaintiffs never contended in affiant's court that the said reasons were matters of fact admitted to be true, but, on the contrary, his position was that they were legal propositions; that the said counsel for the plaintiffs submitted his brief in this cause, and therein discussed these very reasons as legal propositions, not therein contending that they were matters of fact admitted by the garnishees, and in no way relying upon them; that he acted upon the meaning, intention and interpretation of the said counsel of said stipulation; and, after advising himself upon the facts, and considering the arguments adduced *pro* and *con* by said counsel, he gave judgment against the plaintiffs, and in favor of the garnishees.

   [Signed]      " GEO. L. SOPRIS.

"Subscribed and sworn to before me this 22d day of November, A. D. 1883.

   "CHARLES D. MAY, Notary Public. [SEAL.]

"P. L. PALMER'S AFFIDAVIT.

"P. L. Palmer, of lawful age, being first duly sworn, deposes and says that he was, at the dates when the stipulations herein were entered into and filed, an attorney and counselor at law duly authorized to practice in the courts of record in the state of Colorado; that he was at that time in the employment of J. W. Horner, who appears as attorney of record in this cause; that the conduct of this case was intrusted to him by said J. W. Horner, and that he had the sole charge and conduct of this case when the same was tried in the justice's court of George L. Sopris, Esq., a justice of the peace in and for the county of Arapahoe; that, when this cause came up for hearing in said justice's court, it was mutually agreed by and between A. J. Sampson, who was then and still is counsel for the plaintiffs, and this deponent, that the case should be heard and tried upon facts to be agreed upon and submitted to the said justice, and that thereupon the stipulations filed in said justice's court were drawn up and filed,— said stipulation being the same as is now filed in this court; that, before and at the time said stipulations were drawn up and signed, this deponent expressly called the attention of said counsel for the plaintiffs to the reasons set forth in the affidavit of A. L. Welsh,— said affidavit purporting to traverse the answer of the said garnishees filed in this cause, and said reasons being contained in five paragraphs of said affidavit, and numbered from one to five, inclusive, why the chattel mortgage of the garnishees was void,— and then and there it was expressly understood between this deponent and said counsel that said five reasons were propositions of law which were not admitted, and not matters of fact admitted to be true; that, upon that express understanding, the said counsel, or his partner, Nelson Millett, and this deponent argued this cause before the said justice, and said counsel never pretended then, nor did he then

take the position, that said reasons mentioned in said affidavit were matters of fact, but discussed said reasons then as matters of law, arguing the case upon its merits, and in no way relying upon the matters stated in said affidavit as admitted; that this deponent believed, when said stipulation was entered into, that said reasons were legal propositions, and would not have entered into or signed said stipulation upon any other understanding or intention than that said reasons were legal propositions, which were not admitted, and not matters of fact admitted to be true.          [Signed]          P. L. PALMER.

"Subscribed and sworn before me this 22d day of November, A. D. 1883.

"CHARLES D. MAY, Notary Public." [SEAL.]

On the same day the court granted the motion in the matter, to the extent of striking out the fourth paragraph of the plaintiffs' traverse, to which exceptions were duly reserved by plaintiffs.   On the 4th day of February, 1884, the court adjudged that it was without jurisdiction in the case, and accordingly ordered the discharge of the garnishees.   Exceptions reserved, and the case brought here on error.   The errors assigned and argued by counsel are that the superior court erred in adjudging that it had no jurisdiction in the case, and the modification of the stipulations of counsel by striking out part of the traverse of plaintiffs to answer of garnishees, and for discharging the garnishees.

Messrs. SAMPSON and MILLETT, for plaintiffs in error.

Mr. JOHN W. HORNER, for defendant in error.

STALLCUP, C.   The first question presented is, Had the superior court jurisdiction in the case?   In the argument of this question here, counsel have ignored the statutes for this proceeding before a justice of the peace, and have discussed the question on the assumption that the issue involved a matter of equity jurisdiction, and for that

reason the justice was without jurisdiction, and consequently the superior court without jurisdiction. The issue made and tried before the justice was upon the traverse of plaintiffs to the answer of the garnishees. The garnishees in their answer disclosed the chattel mortgage of defendant to them, and that they held a stock of goods by virtue of such chattel mortgage. In the traverse, among other things, it was alleged that the chattel mortgage was given by the defendant to the garnishees with intent and for the purpose of hindering and delaying creditors, and also charging the garnishees with the knowledge of and participation in such fraud. The justice had jurisdiction to hear and determine such issue.

Section 1553, page 517, General Statutes, provides for the garnishee summons issued in the case. Section 1554 provides for the interrogatories and answers in the case. Section 1557 provides for the traverse of such answer by the plaintiffs, and for the issuing of the *scire facias* requiring the garnishees to appear before the justice on the date named therein to try the issue so made, as was done in this case. Section 1563 provides that judgment by the justice against such garnishee shall acquit the garnishee from all demands of the defendant; for all goods, effects and credits paid, delivered or accounted for by the garnishee by force of such judgment. Section 1526 provides that every conveyance or assignment in writing or otherwise of any estate or interest in lands or goods, and every charge on lands or goods, with intent to hinder, delay or defraud creditors of their lawful demands, shall be void as against such creditors. Section 1529 provides that the question of fraudulent intent in such cases shall be deemed a question of fact, and not of law. Section 1530 provides that the purchasers in such cases are implicated in such fraud by previous notice. From these provisions it is apparent that the justice had jurisdiction to hear and determine the issue so made between

the plaintiffs and the garnishees.   Had the superior court like jurisdiction on appeal from this judgment?

Section 1573 especially provides for appeals from such judgments of the justice, and section 3222 of the same General Statutes vests the superior court with such appellate jurisdiction.   The superior court erred in adjudging that it had no jurisdiction in the case.

The next question is, Did the superior court err in ordering the modification of the stipulations of counsel in the case by striking out the fourth paragraph of plaintiffs' traverse to the answer of the garnishees?   Agreements of this kind are unlike ordinary contracts between parties not in court.   In a stipulation by counsel for convenience or expedition in the trial of a case, if counsel, inadvertently or otherwise, admit or state a fact not in accord with the premises, entirely against the manifest purpose and intention of the parties and the nature of the controversy, and to the irreparable injury of the client they represent, as this seems to be, the court wherein such cause is pending has the power, and rightfully exercises it, to relieve the party from such stipulation.   *Richardson v. Musser*, 54 Cal. 196; *Becker v. Lamont*, 13 How. Pr. 23.   But such relief cannot be granted in the way it was done in this instance.   The paragraph struck out was a material portion of the traverse; and, if true, vitiated the chattel mortgage, and made the goods subject to the payment of the debt of plaintiffs.   So that the rights of the plaintiffs were thereby materially affected.   The court erred in making such order.   The proper way to relieve the party from such stipulation is to cancel the stipulation.   It follows that the discharge of the garnishees in the premises was error.

The judgment should be reversed and the case remanded.

MACON and RISING, CC., concur.

PER CURIAM. For the reasons assigned in the forego-
ing opinion the judgment is reversed and the case re-
manded.

*Reversed.*