## COCHRANE v. COWAN.

An appeal lies from a judgment of a justice of the peace in a given city or incorporated town to the superior court of such city or town in civil actions not involving the violation of an ordinance.

*Appeal from Superior Court of Denver.*

ACTION on contract by E. R. Cowan against Frank T. Cochrane. Judgment for plaintiff. Defendant appeals.

Mr. T. J. O'DONNELL, for appellant.

Messrs. J. N. BAXTER and T. D. W. YONLEY, for appellee.

PER CURIAM. This cause is upon a money demand. It was first tried before a justice of the peace, and, upon judgment being there rendered in favor of Cochrane, Cowan appealed to the superior court of Denver, where the cause was retried and judgment rendered against Cochrane. From the latter judgment the present appeal was taken. The first matter presented and argued is a challenge to the jurisdiction of the superior court. Section 3222, General Statutes, under which the appeal to the superior court was taken, reads as follows: "Appeals from any final decision of a justice of the peace in the city or incorporated town where a superior court is held, or from the decision of any police magistrate of said city or town in any case involving the violation of a city ordinance, may be allowed to the superior court of such city or incorporated town, and may be taken in the same

manner as appeals from justices of the peace in other cases." The question of jurisdiction by the superior court of appeals from justices of the peace in cases not based upon a violation of ordinances is practically *res adjudicata*. It was determined in the case of *Welsh v. Noyes*, 10 Colo. 133, and again in the case of *Ingols v. Plimpton*, 10 Colo. 535.

Counsel for appellant files an able and ingenious argument in which — *First*, the constitutionality of the statute under consideration is challenged; and *second*, its meaning, assuming it to be constitutional, is declared to be adverse to the jurisdiction of the superior court in such cases as the one at bar. But after a careful consideration of the additional suggestions now for the first time presented, we do not feel inclined to change the conclusion hitherto expressed.

The title of the act which, among other things, relates to the jurisdiction of superior courts, is, we think, sufficiently broad to cover the particular phase of such jurisdiction treated of by the statute challenged. We think a fair interpretation of the statute, though its language is not entirely free from ambiguity, justifies the view that the legislature intended to confer upon the superior court jurisdiction of appeals from all final decisions rendered in civil actions by justices of the peace within the city for which the superior court exists. It may be, as counsel suggests, that this construction of the statute will sometimes lead to incongruities in practice; but we are not informed that injustice to litigants will result, and, in any event, the legislature can better correct the incongruities mentioned. The statement in *Darrow v. People*, 8 Colo. 417, that superior courts could "entertain appeals from justices of the peace in cases relating to the violation of city ordinances," was not intended to be a declaration that they could not entertain appeals from justices of the peace in other cases. It is a fact stated

by way of argument, in support of the proposition then under consideration. The question now before us was not presented or considered, and was not intended to be determined, in that case.

Appellant further challenges the judgment of the court below, upon the ground that it was not warranted by the evidence. The cause was tried to the court without a jury. No useful purpose would be subserved by reviewing the evidence in detail. Suffice it to say that we think appellant's position well taken. No express contract is proven, nor can it be said that an implied contract may fairly be inferred. The evidence is, we think, insufficient to establish a legal liability. It is certainly insufficient to show the amount of such liability if one exists. The judgment must be reversed.