No. 17,684.

FRED WINDECKER, ET AL. *v.* CHAS. W. V. FEIGEL, ET AL.
(292 P. [2d] 187)

Decided January 16, 1956. Rehearing denied January 30, 1956.

Mr. HERBERT E. MANN, for plaintiffs in error.

Mr. JOSEPH L. MORRATO, for defendants in error Symanskis.

Mr. DUDLEY I. HUTCHINSON, JR., Mr. T. HENRY HUTCHINSON, Mr. DUDLEY I. HUTCHINSON, SR., for defendants in error Feigel and Mercantile Bank.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFFS in error were plaintiffs in the trial court and we will hereinafter refer to them as plaintiffs. For the reason that defendants in error have very different connections with the case we will refer to them by name.

Plaintiffs desired to buy a house and the ground immediately surrounding it. They went to the office of defendant Feigel in Boulder, who was the authorized agent and attorney for Ruby Brierley, the owner. Feigel had no legal description of the tract which plaintiffs in-

tended to buy. He had theretofore foreclosed a deed of trust upon the property owned by Ruby Brierley and she had acquired title thereto by a trustee's deed. He assumed that the property intended to be purchased by plaintiffs was the entire tract upon which the foreclosure proceedings had operated. A contract was entered into between plaintiffs and Feigel, acting as the attorney and agent of the owner, under which the owner agreed to sell, and plaintiffs agreed to buy, the house and surrounding ground concerning which they contacted Feigel. The property which was the subject of the contract was described therein as follows: "The tract of land known as the Brierley place, containing 3 acres more or less, in the NE ¼ of the SE ¼ of Section 20, Twp. 1 S.R. 70 West of the 6th P.M., more fully described in Public Trustee's Deed recorded in Book 923, Page 469, Boulder County records." Actually the description contained in the trustee's deed included a substantially larger tract of land than that which plaintiffs intended to purchase. Unknown to Feigel, Ruby Brierley had agreed to sell to defendants Mr. and Mrs. Symanski that part of the property lying southwesterly from a "windrow" of trees and a fence generally following the line thereof.

Long prior to plaintiffs' contract to purchase, defendants Symanski had gone into possession of this tract; had built a residence and outbuilding thereon; and were in actual possession of said tract at all times pertinent to the transaction here involved. There was no contract or deed of record to give notice of their interest. Their agreement with Ruby Brierley was not reduced to writing, but rested exclusively in parol; however, it was fully performed and nothing remained to be done but to deliver a deed.

Under plaintiffs' contract of purchase a warranty deed was to be executed and placed in escrow with the defendant bank. This was done and the detailed description as set forth in the public trustee's deed heretofore mentioned was copied into the deed which was placed in

escrow. Thereafter plaintiffs discovered that the legal description referred to in the contract, and that which was incorporated in the deed placed in escrow, included the tract purchased and occupied by the Symanskis, with all improvements located thereon.

The prayer of plaintiffs' complaint was for a decree quieting title to the whole tract as described in the escrow deed, and for other relief; all of which hinged upon their alleged right to acquire title to all the land within the legal description set forth in said escrow deed.

The trial court made specific findings of fact upon all pertinent issues. These findings included the following:

"The evidence is clear that — particularly by Fred Windecker, that this windrow of trees and the fence extending south from the trees to the south boundary line of the tract was the boundary line between the tract purchased by the Windeckers and that occupied by Symanskis.

"It is also equally clear from the evidence and without dispute that the Windeckers did not have a legal description at the time of the contract, that they were not buying by legal description, but were buying this tract of land known as the 'Brierley Tract' and did not actually know what the area was by a legal description or what the legal description was until the time of the survey. The specific tract known as the Brierley Tract, designated No. 1 on Plaintiffs' Exhibit O was the one purchased by the Windeckers. As a matter of fact, in viewing all the evidence, plaintiffs proved defendants' case during the Plaintiffs' Case in Chief, and at that time a judgment could have been entered for the defendants because it was clear from the evidence of plaintiffs that at the time of purchase they were not purchasing the Symanski place, but were purchasing the Brierley place, known as No. 1 on Plaintiffs' Exhibit O.

"The Windeckers went into possession of that tract; Symanskis were in possession of their tract, designated as No. 2 on Plaintiffs' Exhibit O, and possession was so

continued until sometime in January, 1954, when discussion between Symanski and Windecker resulted in a survey being made by a surveyor. For the first time it was discovered that the area included in the description in the deed to the Windeckers included all of tract 1 and tract 2 on Plaintiffs' Exhibit O. Windeckers had not tried to take possession and had not claimed tract 2 prior to that time, but finding that their deed included more than they had purchased, attempted to take advantage of the situation and claim tract 2.

"It was clear that at the time of the contract of Windeckers that it was thought that the legal description in the deed of trust was the description to the Brierley place designated as No. 1 on Plaintiffs' Exhibit O.

"The evidence is even more than just clear and convincing and indubitable, it is conclusive, that there was an error in the minds of all the parties as to the legal description of the area purchased by the Windeckers."

The court entered judgment in favor of defendants on the issues raised by plaintiffs' complaint, and ordered a reformation of the deed to give the correct description of the property purchased by plaintiffs pursuant to the prayer of the counterclaim filed by defendant Feigel. Plaintiffs, seeking reversal of the judgment, bring the case to this Court for review by writ of error.

We have carefully considered all that has been presented in the brief and argument of counsel for plaintiffs, whose contention, when reduced to its essentials, is that the trial court erred in reaching the conclusion that the description of the property as set forth in the escrow deed was placed therein by mutual mistake of the parties. The record contains an abundance of evidence to support this finding. Any other finding would be without support in the evidence. Counsel for plaintiffs insists that the statute of frauds operates in their behalf in that the Symanskis had no instrument in writing signed by Ruby Brierley evidencing an interest in the tract of land occupied by them. With this contention

we cannot agree. One who intends to, and does, buy a specific piece of property, takes possession thereof, and afterwards discovers that the property is incorrectly described so as to include adjoining land occupied by a neighbor, cannot claim ownership of the neighbor's land even though it can be established that the latter overlooked getting and recording a deed, or other instrument in writing, which disclosed his interest. In the instant case it is clear that plaintiffs did not intend to buy the land occupied by their neighbor Symanski; the only claim they have made is based upon the mistake in the description of the land they intended to buy. The statute of frauds has no application to this case. The parties to the contract, which might have involved the statute of frauds, were Ruby Brierley and the Symanskis who considered their contract valid and binding. Plaintiffs who had nothing whatever to do with that contract may not urge a claim or defense in behalf of parties who are satisfied with their bargain.

Concerning the effect of the statute of frauds on executory oral contracts, this Court has heretofore adopted language from the opinion in *Shaw v. Shaw*, 6 Vt. 69, as follows: "The contract cannot be considered void so long as he, for the protection of whose rights the statute is made, is willing to treat and consider the contract good." *Garbarino v. Union Savings and Loan Assn.*, 107 Colo. 140, 109 P. (2d) 638.

The judgment is affirmed.