## No. 22184.

**Donald Clifford Gullion and Thelma Irene Gullion *v.* Lawrence A. Plymale and Edna L. Plymale and San Luis Valley Federal Savings and Loan Association of Alamosa.**

(450 P.2d 650)

Decided February 24, 1969.

John Ira Green, for plaintiffs in error.

Henry Blickhahn, for defendants in error.

*In Department.*

Opinion by Mr. Justice Kelley.

The plaintiffs in error, Donald Clifford Gullion and Thelma Irene Gullion (the Gullions), were defendants in the trial court, as was San Luis Valley Federal Savings and Loan Association of Alamosa (the Association). The defendants in error, Lawrence A. Plymale and Edna L. Plymale (the Plymales) were plaintiffs in the trial court. The Association was joined as a party because it held two mortgages on the property which is the subject of this lawsuit.

This cause is before us on writ of error directed to the trial court judgment which reformed the description in a warranty deed conveying a tract of land from the Plymales to the Gullions. The two mortgages held by the Association were reformed in the same manner and to the same extent as the deed.

There is no substantial conflict in the evidence as to what transpired prior to the preparation of the warranty deed by the scrivener who, it should be noted, was selected by the Plymales. There is no disagreement as to the dimensions of the tract intended to be conveyed. Whatever conflict may have existed in the evidence the court resolved in favor of the Plymales. Inasmuch as there was competent evidence to support the findings, we cannot disturb those findings.

The basic disagreement is whether a mistake as to the point of beginning in the description made by the scrivener is a *unilateral* mistake chargeable to the grantors, or a *mutual* mistake chargeable to both parties. The court held, as a matter of law, that it was a *mutual* mistake.

It was agreed by the parties, after an "on site" inspection of Plymales' property, that Gullions would buy and the Plymales would sell the west 165 feet of a tract 330′ x 264′. The 330′ dimension was from east to west, the south line of which was along the south line of Section 9, Township 37 North, Range 10 East, N.M.P.M. The tract in issue was situated in the Southwest Quarter of

Section 9 and was described in the conveyance from Ply-
males to the Gullions as follows:

" * * * commencing at a point on the south section line
of said section, which is 1320 feet west of the Southeast
corner of said SW¼, which is the point of beginning;
thence North 264 feet; thence West 165 feet; thence South
264 feet; thence East 165 feet to the place of beginning."

The "point of beginning" in the above description was
26.82 feet east of the point of beginning used in the deed
conveying the tract to the Plymales out of which the
Gullion tract was carved. This came about by reason of
the fact that the distance between the quarter corner and
the southwest corner of Section 9 was 2666.82 feet, rather
than 2640 feet.

The court, in its findings, explained the situation in
this fashion:

" * * * Mr. DeSouchet [the scrivener], Mr. and Mrs.
Gullion, and Mr. and Mrs. Plymale all believed and as-
sumed that the south line or section line of the Southwest
quarter of Section 9, Township 37 North, Range 10 East,
was 2,640 feet in length and they also thought and be-
lieved that the Southeast corner of the tract being con-
veyed to Mr. and Mrs. Gullion was exactly 1,320 feet west
of the Southeast corner of the Southwest quarter of Sec-
tion 9. At this time, none of the parties, nor Mr. De-
Souchet, knew that the south line of the southwest
quarter of Section 9, was actually 2,666.82 feet long, or
26.82 feet in excess of the usual half mile between quarter
corners of sections. Likewise, it's quite apparent that Mr.
DeSouchet did not know that the east line of the tract
to be conveyed to the Gullions was 1,320 feet east of the
Southwest quarter of Section 9, or that, in fact, it was
1,346.82 feet west of the Southeast corner of the quarter
section. Nor is it apparent that any of the parties knew
that the description of the Plymale tract, according to
the survey map later made, was actually tied to the
Southwest quarter of Section 9, and not the Southeast
quarter of the Southwest quarter of Section 9, or what

we would normally call the Southwest corner quarter of Section 9.

"The result of this error is that the description of the Gullion tract, according to the deed, places the location of the Gullion tract 26.82 feet east of where it was intended to be. This error in description was carried through the deed to the Gullions into the deed of trust to the San Luis Valley Federal Savings and Loan Association * * *."

The conduct of the Gullions after going into possession of the properties supported the court's findings in reference to intent. It showed clearly that they claimed the west 165 feet of the Plymale property and that they did not claim the "overlap" shown to exist as the result of a survey. At that point they claimed 26.82 feet east of the west 165 feet of the Plymale tract, asserting that the error, if any, was the result of lack of diligence on the part of the Plymales; that they were in no way responsible for the mistake.

■ The Gullions contend that the mistake should be perpetuated because (a) it was the Plymales' "duty of knowing or finding out the corners or lines of the property they were selling to the defendants" and because (b) the Gullions "were not guilty of any mistake, fraud or wrongdoings in the transaction surrounding the sale and purchase of the property," and because (c) "the trial court wrote an entire new contract for the parties in this case * * *."

These contentions reduced to their lowest common denominator amount to a claim that the scrivener's error was not a *mutual* mistake which, as a matter of law, is a necessary basis for reformation, but a unilateral mistake.

The trial court's answer to this contention is well founded in fact and in law. The court stated:

"Now, I am compelled on the basis of the facts here to conclude that as a matter of law there was a scrivener's error here which was not the fault of any of the parties

nor of their attorney. That a scrivener's error is a form of mutual mistake and while it has been previously contended here that there was no mutual mistake that this was a unilateral mistake, I disagree very profoundly and think that mutual mistakes occurred all over the place because it's obvious that none of the parties knew that this section was longer than the standard half mile. * * * "

We have examined the authorities cited by plaintiffs in error in support of their position. We do not find them to be applicable to the factual situation with which the trial court was confronted.

██ The principle upon which the court acted finds support in *Barth v. Deuel*, 11 Colo. 494, 19 P. 471, and *Windecker v. Feigel*, 133 Colo. 122, 292 P.2d 187. In Barth this court said:

" * * * Equitable relief will be granted in cases of mistake when the fact concerning which the mistake is made, is material to the transaction, affecting its substance and not merely its incidents, and the mistake itself is so important that it determines the conduct of the mistaken parties. * * * "

In *Windecker* the trial court found that the description in the deed conveying a parcel of land included more land than the parties intended to convey or purchase, which was due to a mutual mistake. This court recognized the *Barth* principle and held that the finding was abundantly supported by the evidence and refused to disturb it.

The Gullions bargained for a tract 165′ x 264′ which constituted the west half of a tract 330′ from east to west. The court's decree gave them a tract of those dimensions. It would have been unjust and inequitable for the court not to have reformed the deed under the circumstances disclosed by the record in this case.

The original deed to the Gullions described the south line as the section line. The section line was in the center of a sixty-foot road. In order to convey to the Gullions a tract 264 feet in depth, the court also reformed the

deed to compensate for the right-of-way by moving the south line thirty feet north of the section line. This resulted in Gullions receiving an additional strip thirty feet in width on the north side of the tract.

No error is predicated on this change by any of the parties.

We find no error in the record before us.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE HODGES concur.