No. 22316.

TOM REGAN AND FRANCES J. REGAN *v.* CUSTOMCRAFT HOMES, INC., A COLORADO CORPORATION.
(463 P.2d 463)

Decided January 12, 1970.

Lee, Bryans, Kelly and Stansfield, Donald D. Cawelti, for plaintiffs in error.

Russell W. Bartels, for defendant in error.

*In Department.*

Opinion by Mr. Justice Hodges.

CUSTOMCRAFT HOMES, INC. was the grantor and the Regans, as husband and wife, were the grantees or second parties, in a warranty deed conveying residential property. It was recited in the deed that the real property with improvements thereon was conveyed free and clear. "from all former and other grants, bargains, sales, liens, taxes, assessments and incumbrances of whatever kind or nature soever; except liens of record, unpaid construction bills, and deed of Trust in favor of Lantz & Co., which second parties assume and agree to pay."

The "unpaid construction bills" remained unpaid. Thereupon, Customcraft sought in the trial court specific performance of the Regans' assumption and agreement to pay "unpaid construction bills," incurred by Customcraft during construction of a residence by them on the property. These unpaid construction bills had not been made liens or encumbrances against this real property.

██ Customcraft prevailed in the trial court which decreed that the Regans perform their agreement by paying specified unpaid construction bills. By this writ of error, the Regans challenge the trial court's decree. They argue that the language of the deed did not create a liability on their part to pay unpaid construction bills which had not matured as liens or encumbrances against the subject property. We do not agree and therefore, affirm the trial court's decree and judgment.

██ The Regans maintain that a grammatical analysis of the language of the deed reveals that the phrase "unpaid construction bills," is concerned with the covenant against all former and other grants, bargains, sales, liens, taxes, assessments and encumbrances and exceptions from that covenant. They therefore reason that the words "unpaid construction bills" must refer to and mean only "unpaid construction bills which are liens or encumbrances against the subject property." This analysis and consequent conclusion lacks validity. The obvious meaning of plain words in contracts and deeds is the meaning to be applied, rather than a different meaning

which requires the addition of unused words to modify the import of the plain words.

■ By the acceptance of a deed in the absence of fraud or mistake neither of which is claimed here, the grantee is bound by the provisions thereof the same as if he too had signed the deed. *Douglas v. Douglas,* 176 Okla. 378, 56 P.2d 362, 366.

As we view this recitation in the deed, it appears clear that the Regans assumed the payment of the unpaid construction bills in the same manner as they assumed the payment of the existing promissory note of Customcraft, which note was secured by the excepted deed of trust. See *Enos v. Anderson,* 40 Colo. 395, 93 P.475.

No authority has been cited by the Regans that in a deed an assumption and agreement by a grantee to pay an obligation incurred on the property must be with respect to an existing lien or encumbrance of record against the property, and we know of no authority for such a proposition.

■ The trial court permitted parol evidence and the introduction of another instrument executed by the Regans a short time after the delivery of the warranty deed to them to show the identity of the claimants and the amounts of the unpaid construction bills referred to in the deed. This evidence which had the effect of explaining the writing so it could be applied is admissible, and it adequately supports the trial court's specification of the claimants to be paid and the amount of each payment. Parol evidence is admissible to explain and apply the writing, but not to add to or vary its terms. *Randolph v. Helps,* 9 Colo. 29, 10 P. 245; *Nesmith v. Martin,* 32 Colo. 77, 75 P. 590. This evidence did not have the effect of adding to or varying the terms of the deed as claimed by the Regans.

In addition, it should be noted that although certain aspects of this parol evidence were in dispute as to what the parties intended at the time the deed was executed

and delivered, the trial court made a finding supported by the evidence to the effect that the Regans had agreed to pay the specified unpaid construction bills on the condition that the grantor would execute and deliver its deed to them, and therefore, the assumption by them to pay these obligations is binding as a part of the consideration.

The judgment of the trial court is amply supported by competent evidence.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.