## No. 9608.

### REMINGTON *v.* REMINGTON AS EXECUTOR, ET AL.

Decided October 4, 1920.

Action for the determination of the respective rights of a widow and the heirs of her husband by a former marriage. Judgment for the heirs.

### *Affirmed.*

1. HUSBAND AND WIFE—*Contract Concerning Property Rights.* An oral contract was entered into between a husband and wife before their marriage wherein it was agreed that their property rights should not be affected by the marriage. Subsequent to their marriage they executed a written agreement in which each waived and released all right to the property of the other. The husband left a will in which no provision was made for the widow and she attempted to repudiate the contract, claiming one-half of his estate under the statute for the alleged reasons that the oral contract was void within the statute of frauds and that the written agreement was ineffectual for want of consideration. Both contentions are resolved against the widow, the court holding that her violation of the solemn contract was a manifestation of bad faith and ought not to be tolerated.

*Error to the District Court of Larimer County, Hon. Robert G. Strong, Judge.*

Mr. CORYDON ROOD, Mr. R. W. FLEMING, for plaintiff in error.

Mr. AB. H. ROMANS, Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for defendants in error.

MR. JUSTICE TELLER delivered the opinion of the court.

THE parties to this cause submitted to the district court an agreed statement of facts upon which they asked for a determination of their respective rights. The court found for the defendants in error. Plaintiff in error brings the cause here for review.

The plaintiff in error and one D. D. Remington, now de-

ceased, became husband and wife at a time when each had children by former marriages, and property in their respective rights. Some months after marrying, they entered into a written contract, the important parts of which are as follows:

"WHEREAS, each of said parties had in his or her own right certain real and personal property at the time of said marriage and were also the father and mother, respectively, of children by former marriages, and,

WHEREAS, before their marriage with each other, and in consideration thereof, each of the said parties agreed with the other that none of their respective property rights should in any way become affected or changed by reason of said marriage.

NOW, THEREFORE, in consideration of the foregoing premises, and of the mutual covenants herein contained, the party of the first part hereby waives, releases, foregoes and disclaims all his rights in any and all property, both real, personal and mixed, wheresoever situate, of which the party of the second part, is or may become seized or possessed, and hereby expressly waives all right to inherit from said second party under the laws of any and all states of the United States, and hereby agrees that the party of the second part shall have the right to dispose of all of her property by will and in case the party of the second part fails to dispose of any of her property, of any kind, by will, then said property shall descend to her legal heirs, other than the party of the first part, and he shall not inherit anything from her."

There was a similar covenant upon the part of the wife waiving claim upon the property of the husband.

The husband left a will in which, in accordance with the said agreement, no provision was made for his widow; and she now repudiates the contract, and claims one-half of the estate under the statute.

It is contended by the plaintiff in error that the contract made before marriage, to which reference is made in the written instrument, was void within the statute of frauds

because it was oral; it being her contention that it is a promise in consideration of marriage. She contends that the written contract is ineffectual for want of consideration. We do not agree with either of these positions.

It is true that in the recital it is stated that the parties, in consideration of marriage, made the agreement; but the agreement itself shows that it was not so made. Contracts in consideration of marriage provide for the moving of some benefit to one of the parties as an inducement for marrying. There is no such case here presented. The facts show that these parties were arranging to preserve to themselves respectively the right to dispose of the property held before marriage, and to protect their respective heirs, or the beneficiaries under their wills, in their property rights, as against any claim which might arise because of the marriage relation. The words "in consideration thereof" are not to be construed as indicating that either party was induced to marry the other by reason of these covenants. Indeed the covenants conflict with such an idea. The parties were agreeing that they would secure nothing from each other through the marriage relation. It is clear that the words "in consideration thereof" were used to show a situation which would have been properly described by saying that the parties had made the oral agreement in contemplation of marriage.

Furthermore, it is wholly immaterial, in the view we take of this question, what was the agreement made before marriage. The contract in question, reduced to writing and signed by the parties, is made upon a consideration of mutual promises, and in it each releases to the other all right in or control over the other's property; and likewise waives all right to claim the same under any law of descent. Whatever may be the rule in those states having special statutes limiting the rights of parties during coverture, or in states following the common law, there is no reason why in this state, where woman has been relieved of her disabilities and specifically authorized to contract with any and every one,

she cannot make a binding contract during coverture, provided it is free from taint of fraud or duress.

The tendency of the cases seems to be, even where the disabilities of coverture have been removed by law, to adhere more or less to the old construction as to a woman's rights to contract with her husband.

In the case of *Unger v. Mellinger,* 37 Ind. App. 639, 77 N. E. 814, 117 Am. St. Rep. 348, the court says that the promise upon the part of the husband and wife each to forego any claim upon the property of the other does not constitute a consideration for a postnuptial contract. Plaintiff in error relies upon this case as holding to that effect. What the court says, however, is merely dictum, because it states that there is no evidence that the contract was made in consideration of mutual releases. It is admitted, even in a state still adhering to the common law, that an antenuptial contract containing mutual covenants waiving and releasing the rights of each party in the property of the other, is good. *Kroell v. Kroell,* 219 Ill. 105, 76 N. E. 63, 4 Ann. Cas. 801. Why then is it not good in a state where the wife's disabilities are removed, and she is as free to contract as when sole?

In this case it appears that the widow seeks to have the district court, in construing her husband's will, sanction her admitted violation of a solemn contract with her husband, now deceased. She is now at liberty to dispose of her property which was involved in the agreement without the possibility of loss by this breach of contract on her part. This is grossly inequitable, a manifestation of bad faith, and ought not to be tolerated.

The district court was right in its judgment and the judgment is accordingly affirmed.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE BURKE concur.