510 P.2d 905 (1973)
Benjamin E. GREER, Plaintiff-Appellant,
v.
Sharon GREER, also known as Sharon A. Greer, Defendant-Appellee.
No. 72-270.
Colorado Court of Appeals, Div. II.
April 10, 1973.
Rehearing Denied April 24, 1973.
Certiorari Denied June 25, 1973.
*906 Maley & Schiff, P. C., John T. Maley, Denver, for plaintiff-appellant.
Sheldon, Bayer, McLean & Glasman, Raymond G. Carey, Jr., Denver, for defendant-appellee.
Selected for Official Publication.
DWYER, Judge.
The parties were divorced by decree dated July 13, 1969. Subsequently, the court entered orders relative to division of property, alimony, and support for the minor child of the parties. As "alimony" for the wife, the husband was ordered to pay $150 per month beginning July 1969, and continuing until July 1973. The wife remarried on August 11, 1971, and the husband filed a motion to terminate his obligation under the order. The motion was denied, and the husband has appealed.
The trial court, in entering its permanent orders, made the following findings.
"The Court finds that Dr. Greer and his wife, Sharon, were married in 1963, and that at that time, she was teaching school in Philadelphia, and it was by virtue of her earnings, which went toward the family expenses, that in effect assisted and helped her husband get through medical school, and that her contribution was over a four year period of time.
. . . . . .
"The Court is going to allow the defendant alimony for the like period of years that she contributed to the family upkeep. That will be for a period of four years and I am going to set alimony at $150.00 per month and if my computations are correct, that would be a total of $7,200.00 payable at $150.00 a month."
On these findings, the court ordered:
"The plaintiff shall pay into the Registry of this Court the sum of $150.00 per month, as alimony for the defendant, beginning July 20, 1969, and continuing on the 20th day of each month thereafter until July 20, 1973, after which last mentioned date the plaintiff shall not be required to make further alimony payments and the defendant shall not thereafter be entitled to receive alimony."
The order was entered pursuant to C.R. S.1963, 46-1-5, which authorizes the court to make orders for alimony and such other orders as the circumstances of the case may warrant relative to the division of property, in such proportions as may be fair and equitable. This statute provides that an order pertaining to alimony is subject to later revision by the court and that, unless there is an agreement to the contrary, *907 the remarriage of the party entitled to alimony relieves the other party from further payments of alimony.
The husband argues that the court's order was for alimony and that his obligation under that order terminated on defendant's remarriage by operation of C. R.S.1963, 46-1-5(5). We do not agree with this contention, and affirm the judgment of the trial court.
The statute does not define alimony. Our Supreme Court in determining whether an order for fixed monthly payments constituted an order for alimony stated in Magarrell v. Magarrell, 144 Colo. 228, 355 P.2d 946:
"[A]limony is defined generally as payments necessary for food, clothing, habitation and other necessities for the support of the wife. 48 A.L.R. [2d] 272. It is obvious here that the insurance policies and the premiums necessary to maintain them in full force were not in any sense to provide for food, clothing, habitation or other necessities for support of the wife."
Although referred to as "alimony", the lump sum awarded in the present case was not intended for the support of the wife. Rather, it resulted from a consideration of the wife's contribution to the parties' assets and constitutes an adjustment of property rights entered pursuant to C.R.S.1963, 46-1-5(2). It must be considered as a substitute for, or in lieu of, the wife's rights in the husband's property as distinguished from her rights of future support envisioned by the ordinary award of alimony.
Even if the award be considered as one for alimony in gross, an order requiring a husband to pay a fixed or determinable sum in connection with orders entered pursuant to C.R.S.1963, 46-1-5, is a final judgment whether payable in a lump sum or in installments. It is not subject to later modification by the court and does not terminate upon the remarriage of the wife. As stated in Carlson v. Carlson, Colo., 497 P.2d 1006:
"The granting of alimony in gross, or lump-sum alimony, as it is sometimes called, provides a definite and final judgment which the court cannot later modify. . . ."
The trial court properly held that the husband's obligation to make the installment payments required by the order did not terminate on the remarriage of the wife.
Judgment affirmed.
COYTE and ENOCH, JJ., concur