515 P.2d 112 (1973)
Robert MOHLER, a/k/a Robert L. Mohler, Plaintiff-Appellee,
v.
PARK COUNTY SCHOOL DISTRICT RE-2 and the Board of Education of Park County School District Re-2, Defendants-Appellants.
No. 72-310.
Colorado Court of Appeals, Div. II.
July 10, 1973.
Rehearing Denied September 5, 1973.
Certiorari Denied November 12, 1973.
*113 Alperstein, Plaut & Barnes, P. C., Frank Plaut, Lakewood, for plaintiff-appellee.
Anderson, Smedley & Pittam, Samuel A. Anderson, Littleton, for defendants-appellants.
Selected for Official Publication.
COYTE, Judge.
Plaintiff brought this action for breach of an employment contract. Trial was held to a jury which returned a verdict in favor of plaintiff in the amount of $14,600. Defendants bring this appeal alleging that a resolution passed by the school board on June 14, 1971, did not constitute an offer of employment which plaintiff could accept and that therefore there was no contract of employment in existence for the school year 1971-72. Defendants also contend that the court erred in refusing to give certain tendered instructions and in refusing to grant defendants' motion for a change of venue. Finally, as regards an issue not previously raised, defendants now argue that if in fact there were a contract, it was not reduced to writing as required by 1967 Perm.Supp., C.R.S.1963, 123-18-7, and was therefore unenforceable. We disagree with these contentions and affirm.
Plaintiff was employed by the school district on July 13, 1970, as superintendent of schools for the 1970-71 school year beginning on August 1, 1970, at a salary of $13,000 plus housing and other living expenses. Plaintiff's reemployment for the school year 1971-72 was to be considered at the board's regular meeting on June 14, 1971, and a special meeting of the board was held on June 3, 1971, to discuss his reemployment. At the June 14, 1971, meeting, a motion was made, and carried by a vote of 4 to 3, that plaintiff be offered a contract as superintendent of schools for the 1971-72 school year. Plaintiff was present when the motion was made and responded to the motion, as he had in July of the previous year, by saying, "Thank you." He testified that he intended this reply to be an acceptance of the offer. Plaintiff returned to summer school and made no attempt to seek employment or arrange for job interviews elsewhere.
At the next board meeting on June 21, 1971, a board member stated that in executive session the board had decided not to sign a contract with plaintiff for the 1971-72 year until the board had an opportunity to check his personal credentials and references. Plaintiff was present, but he testified that he did not interpret this action as a revocation of the action taken by the board on June 14, 1971, nor was such an interpretation directly or indirectly communicated to him.
At the next board meeting on July 12, 1971, the board passed the following resolution, by a 6 to 1 majority vote: "Resolved, that the motion made on June 14, 1971, to reemploy Mr. Mohler for the 1971-72 school year is hereby rescinded." After July 12, 1971, plaintiff unsuccessfully sought other employment.
*114 The evidence disclosed that in the prior year plaintiff had accepted a verbal offer of employment and that a written contract of employment prepared by defendants' attorney had not been executed until August 10, 1970, some ten days after plaintiff's term of employment began. The board member who made the motion at the June 14, 1971, board meeting testified that he intended the motion to be an offer on the same terms as the previous year. The other board members' testimony concerning whether plaintiff had been offered a contract at the June 14, 1971, meeting was ambiguous.
It is urged by defendants that plaintiff could not have been offered a specific contract because he had not obtained a type "D" school administrator's certificate as required in the 1970 contract. Whether plaintiff's failure to obtain this certificate precluded the offer and acceptance of a binding contract was a question for determination by the jury.
Whether the parties to an oral agreement become bound prior to the drafting and execution of a contemplated formal writing is a question largely of intent on their part. That intent can be inferred from their actions and may be determined by their conduct prior to the time the controversy arose. Coulter v. Anderson, 144 Colo. 402, 357 P.2d 76. The jury could determine under proper instructions whether the future contemplated writing was a condition precedent to a contract and, if it found that the parties intended to be bound regardless of a complete writing, a contract must be held to exist. Anderson, supra. There was evidence introduced from which the jury could determine that the board did offer plaintiff a contract of employment for the 1971-72 school year and that plaintiff had accepted the offer of employment. The jury was fully instructed on all issues presented to it. Where there is evidence to support the verdict of the jury it will not be disturbed on review. Chartier v. Winslow Crane Service Co., 142 Colo. 294, 350 P.2d 1044.
Further, the board between June 14th and July 12th took no action to hire anyone for the position of superintendent of schools, nor was plaintiff advised after the June 14th motion that the board did not consider him reemployed for the next year. The jury was fully instructed on the legal doctrine of detrimental reliance on a promise. There were no objections made to any of the instructions given to the jury on this issue, and there was evidence before the jury on which they could have found in favor of plaintiff on this issue alone.
Defendants particularly object to the refusal of the trial court to give two of their tendered instructions. The first of these is not applicable to the facts in this case. It instructed that the mere passing of a resolution by a public board or agency such as defendant school board does not create a power of acceptance in one who learns of the passing of the resolution in a fortuitous manner. In the instant case plaintiff was present at the board meeting when the motion was made and passed. The other tendered instruction that was refused provides that, in order for an offer to be legally operative so as to create a power of acceptance in the one to whom it is made, it is necessary that the offer contain all the terms of the proposed contract. This legal principle is adequately covered in other instructions given, and it was not error for the court to refuse to give this specific instruction.
Defendants contend that the court should have granted their motion for a change of venue because of unfavorable publicity from the local newspaper both at the time the board voted to terminate plaintiff's contract and again shortly before the case went to trial. The granting or denying of a motion for change of venue is a matter lying within the discretion of the trial court and, where there is no showing that it abused its discretion, its ruling will not be disturbed on review. City of Cripple Creek v. Johns, Colo., 494 *115 P.2d 823. There was no showing that the trial court abused its discretion and further no showing that a fair and impartial jury could not be selected.
Finally, defendants contend, in reliance on 1967 Perm.Supp., C.R.S.1963, 123-18-7(1), that any contract entered into between the parties was void if it was not in writing. However, this contention was not raised or argued in the trial court, and accordingly, the same will not be considered by us on review. Martin v. Opdyke Agency, Inc., 156 Colo. 316, 398 P.2d 971.
Judgment affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.