738 P.2d 57 (1987)
Holt CHEW, Plaintiff-Appellant,
v.
INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS OF COLORADO NEW BARSANA FARM COMMUNITY, INC., a Colorado corporation, d/b/a ISKCON of Colorado, a Colorado corporation, Defendant-Appellee.
No. 85CA1299.
Colorado Court of Appeals, Div. I.
April 16, 1987.
Kofoed & Larson, P.C., David P. Kozma, Denver, for plaintiff-appellant.
Ralph B. Rhodes, Denver, for defendant-appellee.
PIERCE, Judge.
Plaintiff, Holt Chew, appeals the trial court judgment denying his claim for property damage allegedly resulting from the breach of a lease agreement. We affirm.
In January 1979, defendant, International Society for Krishna Consciousness of Colorado New Barsana Farm Community, leased plaintiff's property in order to operate a candle manufacturing plant. The lease agreement provided that defendant was to surrender the premises at the expiration of the lease, in "as good order and condition as when same were entered upon... ordinary wear excepted."
In August 1980, the lease expired; however, defendant continued to lease the premises on a monthly basis until December 1980. At that time, defendant undertook to clean and restore the property, and eventually vacated the premises in January 1981.
Apparently unhappy with defendant's cleaning efforts, plaintiff filed this action claiming that defendant had breached the lease by failing to comply with the surrender-in-good-condition provision of the lease. The basis of plaintiff's claim lay in his allegation that defendant's operations had left wax residue on the walls and floors.
*58 Upon trial to the court, it found that defendant was not in breach of the lease, and entered the judgment here appealed.
The only issue before this court is whether the trial court erred in finding that defendant surrendered the property in as good a condition as when leased, ordinary wear excepted. We find no error.
Findings of fact which are supported by the record will not be disturbed on appeal. Lawson v. State Farm Fire & Casualty Insurance Co., 41 Colo.App. 362, 585 P.2d 318 (1978).
Here, considerable testimony regarding the condition of the property prior to the lease demonstrates that the premises were in very bad repair. The floors were stained and worn, the walls had holes, the electrical system was faulty, and the ceiling was not secure. In addition, the bathroom facilities often would not operate, and defendant's workers were forced to use restrooms of a nearby gasoline station.
There was also considerable evidence regarding the clean-up efforts by the defendant and the condition of the property as a result. Although there was conflicting evidence on this issue, the record supports the conclusion that the property, after termination of defendant's tenancy, was in equal or better condition than when the lease was entered into. The wax was removed as best it could be. Accordingly, because this finding was based upon a choice between conflicting evidence, it will not be disturbed on appeal. See Hatch v. Wagner, 41 Colo.App. 35, 590 P.2d 973 (1978).
Plaintiff's primary argument is that the trial court erred by concluding that any wax residue on the walls and floors was the result of "ordinary wear." Specifically, plaintiff contends that because wax accumulates rather than deteriorates, it can never be considered ordinary wear. We disagree.
Plaintiff's argument has as its premise that "ordinary wear" is only synonymous with erosion. While it may be true that these terms are often used in conjunction with one another, they are by no means equivalent.
In construing a contract, we must consider the subject matter, the sense in which parties naturally understood it at the time it was made, and the purposes and objects to be accomplished by the agreement. See Lorenzen v. Mustard's Last Stand, Inc., 196 Colo. 265, 586 P.2d 12 (1978).
In the present case, plaintiff acknowledges that the property was leased for the purposes of operating a candle manufacturing plant. Thus, in construing "ordinary wear," we must be mindful of the intended use for which the rental unit was leased. We therefore conclude that a fair construction of the term, given its intended purpose, is that defendant was to surrender the property at the end of the lease, in as good condition as when received, but not to account for any depreciation due to reasonable use of the premises for the purposes contemplated by the lease itself. See Miller v. Belknap, 75 Idaho 46, 266 P.2d 662 (1954).
Accordingly, we find no error in the trial court's conclusion that defendant had not breached the lease. The findings of fact in support of that conclusion are amply supported by the record.
Defendant's claim for attorney fees pursuant to C.A.R. 38(d) is denied.
Judgment affirmed.
KELLY and METZGER, JJ., concur.