James R. Benson, Jr. P.C., James R. Benson, Jr., Denver, for petitioner-appellant.

**In the Matter of the ESTATE OF David Wreyford BURNFORD, a/k/a D.W. Burnford, David Burnford, David W. Burnford, Dr. Burnford, D. Wreyford Burnford and Dr. David Burnford,**

**And Concerning: Sharon Roark Burnford, Petitioner-Appellant.**

**No. 86CA1301.**

Colorado Court of Appeals,
Div. I.

May 7, 1987.

Rehearing Denied Aug. 27, 1987.

Certiorari Denied Nov. 16, 1987.

METZGER, Judge.

In this probate matter, Sharon Roark Burnford (wife) appeals the order of a district court referee in which the referee ruled that her petition to take an elective share of her decedent husband's estate was filed untimely. We conclude that because wife failed to seek review of the referee's order in the district court, this court is without jurisdiction to consider her appeal. Therefore, we dismiss the appeal with prejudice.

After her husband's will was admitted to formal probate, wife filed a petition to take her elective share of his estate. Thereafter, a district court referee conducted a hearing to determine whether the petition had been filed timely. In his order, the referee concluded that wife's petition had been filed untimely and, pursuant to C.R.R. 5(e)(1), ordered that any party seeking review of his decision by the district court

must do so within 15 days. Neither party filed a petition for review.

Over seven months later, wife filed a motion requesting the district court to certify the referee's order as a final, appealable judgment pursuant to C.R.C.P. 54(b). After the district court entered the C.R.C.P. 54(b) certification order, wife filed her notice of appeal.

Procedures for seeking review of an order entered by a district court referee are found in the Colorado Rules for Referees (C.R.R.). C.R.R. 5(e)(5) provides that a party to a proceeding conducted by a district court referee shall not be entitled to appellate review of any order or judgment entered in that proceeding unless that party filed a motion for review of the order or judgment pursuant to C.R.R. 5(e)(5)(2). Since wife failed to file a motion seeking district court review of the referee's order, we hold that she is not entitled to appellate review.

Accordingly, the appeal is dismissed with prejudice.

PIERCE and KELLY, JJ., concur.