In re the MARRIAGE OF Danielle
LEMOINE–HOFMANN,
Appellee,

and

Karl Ernst Hofmann, Appellant.

No. 90CA1572.

Colorado Court of Appeals,
Div. II.

Feb. 13, 1992.

Froede and Lichtenstein, Joan W. Froede, David Lichtenstein, Westminster, for appellee.

Clay and Dodson, P.C., Michael R. Dodson, Delta, for appellant.

Opinion by Judge TURSI.

In this action dissolving the marriage of Karl Ernst Hofmann (husband) and Danielle Lemoine–Hofmann (wife), husband appeals from the trial court's final orders relative to property division. We affirm.

Before their marriage, the parties had orally agreed that wife would put husband through college until he completed his degree, and in exchange, husband would put wife through college until she completed her degree.

The parties married in June 1984. Husband requested a divorce after he obtained his college degree, and wife thereafter instituted this dissolution of marriage proceeding.

Prior to their separation, the parties entered into an agreement entitled "Division of Property between Karl and Danielle Hofmann." At issue in this appeal is the interpretation of the following provisions of that agreement:

1. A verbal agreement was made prior to the marriage of wife and husband Hofmann. It was agreed that wife would put husband through college until he completed, if husband would put wife through college until her completion.

. . . .

6. *MONETARY DIVISION*—husband shall pay to wife:

a. $450.00 per month for 48 months commencing on October 30, 1988 as partial division of property.

b. $50.00 per month for 48 months to maintain wife's automobile insurance on her 1985 Sentra or similar vehicle if the Sentra is sold or damaged beyond repair. Husband may elect to provide insurance mentioned in this paragraph or to pay $50 per month directly to wife.

c. $10.00 per month for 48 months for rental insurance.

d. $350.00 per month "Spouse Allowance" from the Marine Corps.

1. Since the spouse allowance will cease upon divorce, the following agreement has been made: In the event that husband instigates divorce proceedings within the first 12 month period commencing October 30, 1988, husband will pay to wife $350 per month for the remainder of the initial 12 month term. If wife instigates divorce proceedings within the initial 12 months, husband shall pay wife half of the Marine spouse allowance of $350 per month, or $175 per month, for the remainder of the initial 12 month period.

2. After the initial 12 month term has elapsed, if either husband or wife should instigate divorce proceedings the Marine spouse allowance will be forfeited and husband will pay $510 per month to wife as listed in 6(a), 6(b) and 6(c). . . .

A hearing regarding wife's petition was conducted before the domestic relations referee, who concluded that the parties' agreement is a separation agreement and that it incorporates unconscionable property division payments. Wife's motion for review was filed on the sixteenth day subsequent to the date of the order.

The trial court assigned to review the order, considered the briefs of the parties, the record, and the evidence and concluded that the undisputed terms of the agreement providing property division for a 48–month term memorialized an oral and binding prenuptial agreement to put each other through college. Therefore, it held that these provisions were not to be treated as part of a separation agreement and that the unconscionability standard had been erroneously applied thereto. The trial court also remanded the matter to the referee for consideration whether such property division was the result of fraud or overreaching, in accordance with the standard set forth in *In re Marriage of Newman*, 653 P.2d 728 (Colo.1982).

Upon remand, the referee concluded that the agreement was entered into free of fraud, overreaching, and sharp dealing, and the parties were therefore ordered to adhere to the terms of the division of property agreement. Husband's timely review of the order was rejected by the court and it is this order which is before us on appeal.

## I.

■ Husband first contends that wife's filing of her motion for review on the sixteenth day following entry of the referee's initial order was untimely and precluded her from requesting any relief contrary to that set forth in the order. Wife contends that even if her motion for review was untimely, nevertheless, the trial court was not precluded from reviewing the order. We agree with the wife's contention.

C.R.R. 6(e)(2) provides that a party to a proceeding conducted by a district court referee may seek review of an order or judgment by filing a motion to review with the court no later than 15 days after the date of the order or judgment. Thereafter, "the findings and recommendations of the referee shall become the order or judgment of the district court."

If a party files a motion for review out of time, such party shall not be entitled to *appellate* review of any order or judgment entered in that proceeding...." C.R.R. 6(e)(5) (emphasis supplied); *see In re Estate of Burnford*, 746 P.2d 51 (Colo.App. 1987).

However, we conclude that C.R.R. 6(e)(2) does not precluded the trial court from exercising its discretion to vacate, alter, or amend an order which is to be or has been adopted as its own. *See* C.R.R. 6(e)(1) & C.R.R. 6(e)(2); *see also Brncic v. Metz*, 28 Colo.App. 204, 471 P.2d 618 (1970). (If determined by the trial court that the ends of justice were not fully served it may grant a new trial in order to insure justice). *Cf.* C.R.C.P. 59(c)(1).

Accordingly, the trial court having properly exercised its discretion, this matter is now before us to review those issues raised by husband on appeal.

## II.

Husband next contends that, inasmuch as the written agreement was prepared after marriage and in contemplation of separation and divorce, the trial court erred by ruling that paragraphs 1, 2, and 6(a), (b), and (c) of the parties' agreement constitute a valid and binding prenuptial agreement.

Therefore, he urges that the agreement should be reviewed pursuant to the unconscionability standard set forth in § 14–10–112, C.R.S. (1987 Repl.Vol. 6B). We are not persuaded.

## A.

Section 14–10–112, C.R.S. (1987 Repl.Vol. 6B) provides that parties may enter into written separation agreements in contemplation of dissolution of marriage to dispose of property so long as such disposition is deemed not to be unconscionable. However, while separation agreements contemplate disposition of property interests which mature because of the marriage status, prenuptial agreements fix the property rights of the parties, regardless of the duration of the marriage. *In re Marriage of Stokes*, 43 Colo.App. 461, 608 P.2d 824 (1979).

■ Prenuptial agreements should be construed and treated in the same manner as other contracts. *In re Marriage of Young*, 682 P.2d 1233 (Colo.App.1984).

■ The existence of a contract is a factual question to be determined by consideration of all facts and circumstances. *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882 (Colo.1986).

■ Further, contracts must be construed to give effect to the parties' intent. *KN Energy, Inc. v. Great Western Sugar Co.*, 698 P.2d 769 (Colo.1985). And, in situations involving oral contracts, the court must determine whether the parties intended to become bound thereto before the agreement is memorialized in a writing. *Mohler v. Park County School District RE–2*, 32 Colo.App. 388, 515 P.2d 112 (1973).

■ Here, the trial court considered the undisputed testimony of wife and examined the document to reach its determination that the parties had entered into a valid oral agreement, before their marriage, with the intent to put each other through college, regardless of their marital status. It, therefore, concluded that, in the written document, the parties intended to delineate

their rights in a manner consistent with a prenuptial agreement.

Husband admits that he entered into the agreement before the marriage. Moreover, he fails in any matter to controvert the factual determination as to intent of the parties. Hence, we perceive no error in the trial court's ruling.

Furthermore, if we were to assume that the unconscionability standard set forth in § 14–10–112, C.R.S. (1987 Repl.Vol. 6B), applied to the agreement, inasmuch as the resolution of that issue would be based upon the interpretation of the document and on uncontroverted facts, we would not be bound by the conclusion of the trial court. *See Maltby v. J.F. Images, Inc.*, 632 P.2d 646 (Colo.App.1981). And, under such circumstances, we would conclude that the provisions at issue are properly enforceable as a contract right, *see Greer v. Greer*, 32 Colo.App. 196, 510 P.2d 905 (1973), and further that there has been no showing of unconscionability in so dividing the property.

### B.

■ Husband nevertheless contends that the oral prenuptial agreement is void as contrary to the statute of frauds. We disagree.

Section 38–10–112(1)(c), C.R.S. (1991 Cum.Supp.) provides that agreements, promises, or undertakings made upon consideration of marriage, except mutual promises to marry, are void absent a writing.

Here, however, the trial court concluded, and husband does not dispute, that the obligations at issue were not made upon consideration of the parties' marriage. Accordingly, the oral agreement is removed from this statute of frauds provision. *See Remington v. Remington*, 69 Colo. 206, 193 P. 550 (1920).

Moreover, oral contracts "otherwise unenforceable under § 38–10–101, et seq., C.R.S. (1982 Repl.Vol. 16A) may substitute for a writing if there is part performance of the oral contract." *Crandell v. Resley*, 804 P.2d 272 (Colo.App.1990). Inasmuch as

husband concedes that wife put him through college pursuant to their agreement, it is not void pursuant to the statute of frauds.

### C.

■ We likewise reject husband's contentions that the pertinent terms are too uncertain to be enforced and that the oral prenuptial agreement is merged into the written memorandum, requiring a review for unconscionability.

When construing a contract, a court must consider its subject matter, the parties' understanding of it at the time it was made, and the purposes to be accomplished by the agreement. *Chew v. International Society for Krishna Consciousness*, 738 P.2d 57 (Colo.App.1987). Moreover, the contract must be construed as a whole to give effect to all of its provisions. *Trosper v. Wilkerson*, 764 P.2d 375 (Colo.App.1988).

In this case, the plain language of the contract was supplemented by wife's undisputed testimony that the payments incorporated in paragraphs at issue constituted a division of property aimed toward putting wife through college. Under these circumstances, we conclude that the contract provisions are sufficiently certain to be enforced. *See Chew v. International Society for Krishna Consciousness, supra.*

And, inasmuch as the oral agreement is a valid and binding contract which is not subject to operation of the statute of frauds, its memorialization in a subsequent written agreement does not amount to the merger of prior oral negotiations into an integrated contract. *Cf. Cox v. Midland Federal Savings & Loan Ass'n*, 740 P.2d 23 (Colo.App.1987).

### III.

Finally, husband contends that the district court referee and trial court erred by characterizing the "periodic" payments set forth in paragraphs 6(a), (b), and (c) as "property division," rather than "maintenance." For reasons set forth above, we disagree. And, insofar as this contention may relate to the income tax impact, we do

not address it owing to our lack of jurisdiction.

Accordingly, the judgment is affirmed.

JONES and ROTHENBERG, JJ., concur.