**In re the Marriage of Virginia DECHANT, Appellee,**

**and**

**Raymond Dechant, Sr., Appellant.**

**No. 92CA1989.**

Colorado Court of Appeals, Div. II.

Dec. 16, 1993.

George McLachlan, Lamar, for appellee.

Brinkley & Stutler, Stanley A. Brinkley, Lamar, for appellant.

Opinion by Judge TAUBMAN.

In this dissolution of marriage action, Raymond Dechant, Sr. (husband) appeals from the trial court's judgment entered in which the trial court determined the parties antenuptial agreement to be valid, but declined to enforce its provisions regarding waiver of maintenance and attorney fees. We affirm in part and remand for further proceedings.

The parties entered into an antenuptial agreement in 1984 and married two months later. The parties separated in 1991 after 6½ years of marriage. The trial court determined that their antenuptial agreement was a valid and enforceable agreement and was not modified by the subsequent actions or agreement of the parties. It found that Virginia Dechant (wife) did not claim an interest in a farm purchased during the marriage, but awarded to her a 1987 Cadillac, which was the only marital property that had not been divided.

The trial court also found that, at the time of the hearing on the decree, the wife was working approximately 36 to 40 hours per week and earning $675 per month gross income. However, it determined that the wife was having difficulty maintaining her standard of living at a level comparable to that which she had enjoyed during the marriage, was having health problems, had a limited educational background, and had limited job skills. The court also noted that husband was 18 years older than his wife, but concluded that the husband had a much higher earning capacity than the wife.

Accordingly, the trial court determined that the wife had made a threshold showing of need entitling her to maintenance and, although the antenuptial agreement contained a waiver of any claim to maintenance, awarded her the sum of $500 per month for a period of four years.

## I.

■ Husband first contends that neither the facts nor the findings establish that the antenuptial agreement was unconscionable at the time of the decree and that, therefore, the trial court erred in awarding the wife maintenance when it had determined that the agreement was valid and enforceable. Because we conclude the trial court's findings were incomplete, we remand for further proceedings.

■ The maintenance provision of a valid antenuptial agreement may become voidable for unconscionability if enforcement of the terms of the agreement results in a spouse having insufficient property to provide for her reasonable needs and being otherwise unable to provide support through appropriate employment. *Newman v. Newman,* 653 P.2d 728 (Colo.1982); *In re Marriage of Meisner,* 715 P.2d 1273 (Colo.App.1985). This principle has now been codified by the Marital Agreement Act at § 14-2-307, C.R.S. (1986 Repl.Vol. 6A). However, we do not analyze the antenuptial agreement here under that act because it was entered into prior to July 1, 1986, the effective date of § 14-2-307. *See* § 14-2-310, C.R.S. (1986 Repl.Vol. 6A).

■ In determining whether the threshold need for maintenance has been established, the phrases "appropriate employment" and "reasonable needs" are not to be interpreted so narrowly as to require a spouse to establish that he or she lacks the minimum resources to sustain life. *In re Marriage of Olar,* 747 P.2d 676 (Colo.1987). Furthermore, the standard of living established during the marriage is pertinent to determining a spouse's eligibility for maintenance. *In re Marriage of Fernstrum,* 820 P.2d 1149 (Colo. App.1991).

Here, the trial court did not determine that enforcement of the waiver of maintenance in the antenuptial agreement would be unconscionable. However, *Newman v. Newman, supra,* requires an express finding of unconscionability before the terms of the antenuptial agreement can be declared voidable. Thus, the cause must be remanded for a determination of this issue and the entry of findings having sufficient specificity to permit review.

If, on remand, the trial court finds that enforcement of the maintenance waiver clause of the antenuptial agreement has become unconscionable, it may award maintenance, subject to appeal. If the trial court

does not find unconscionability, it may not award maintenance, subject to appeal.

## II.

■ The husband asserts that the trial court improperly ordered him to pay $1000 of the wife's attorney fees because such award was waived in the antenuptial agreement. As with the issue of maintenance, and again limiting our analysis to antenuptial agreements that pre-date the Marital Agreement Act, we conclude that this matter must be remanded for further findings.

Our courts have not yet determined whether a waiver of attorney fees in an antenuptial agreement may become voidable for unconscionability. In *Newman v. Newman, supra,* as noted, the supreme court held that the maintenance provision of a valid antenuptial agreement may become voidable for unconscionability in certain circumstances. The *Newman* court also ruled, however, that a division of property in an antenuptial agreement is not subject to review under an unconscionability standard, but may only be subject to a fairness review for fraud, overreaching, or sharp dealing.

In *Newman,* the supreme court found persuasive the difference in language between § 14–10–113, C.R.S. (1987 Repl.Vol. 6B) and § 14–10–114, C.R.S. (1987 Repl.Vol. 6B). In the former provision, the General Assembly authorized a court to divide the marital property, except property excluded by a valid agreement of the parties. By contrast, § 14–10–114, relating to maintenance, does not contain a similar exclusionary clause. Accordingly, the *Newman* court viewed the absence of such an exclusionary clause as evidence of the legislative intent not to preclude judicial review of antenuptial maintenance agreements on grounds of unconscionability.

Section 14–10–119, C.R.S. (1987 Repl.Vol. 6B), which authorizes an award of attorney fees in appropriate circumstances, is analogous to the maintenance statute in that it contains no exclusionary provision referring to a valid agreement of the parties. Accordingly, following the rationale of the *Newman* court, we conclude that attorney fee waivers

under § 14–10–119 may be reviewed for unconscionability.

That an award of attorney fees is based upon the same underlying premise as an award of maintenance, *i.e.,* financial need, further supports our conclusion. *See In re Marriage of Lee,* 781 P.2d 102 (Colo.App. 1989).

■ Accordingly, we hold that enforcement of a provision in an antenuptial agreement for the waiver of attorney fees may become unconscionable when a decree of dissolution is entered if the trial court properly determines that enforcement of that provision has become unconscionable. In such an event, the trial court is free to determine the appropriateness of an award of attorney fees under § 14–10–119, C.R.S. (1987 Repl.Vol. 6B).

Thus, we also remand for findings on whether the waiver of attorney fees in the antenuptial agreement was unconscionable.

If, on remand, the trial court finds that enforcement of the attorney fee waiver clause of the antenuptial agreement has become unconscionable, it may award attorney fees under § 14–10–119, subject to appeal. However, if the trial court does not find unconscionability here, it shall vacate its award of attorney fees, subject to appeal.

## III.

■ Husband finally contends that the trial court erred in failing to award him a share of the equity in the Cadillac. We are not persuaded.

■ Except as noted above, antenuptial agreements should be construed and treated in the same manner as other contracts. *In re Marriage of Lemoine–Hofmann,* 827 P.2d 587 (Colo.App.1992).

Here, the antenuptial agreement provided that each party specifically waived any right he or she might have with respect to the division of marital property.

Husband maintains that the only item of marital property obtained by the parties was a 1987 Cadillac and argues that, in light of the antenuptial agreement, the equity in that marital property should be evenly divided

between the parties. Wife maintains that, in addition to the Cadillac, the parties acquired a racetrack and a farm during their marriage and that such assets were marital property. Thus, wife maintains, because she did not claim an interest in either the farm or racetrack, the trial court's award of the Cadillac to her with the condition that she repay the remaining indebtedness was an appropriate construction of the antenuptial agreement.

█ In construing an antenuptial agreement, we must give effect to the parties' intent. *In re Marriage of Lemoine–Hofmann, supra.*

Here, the parties intended that either they would divide their marital property by agreement or that they would defer to the trial court's division of marital property. Pursuant to that agreement, wife agreed to let husband keep the farm and the racetrack. When a dispute developed concerning the Cadillac, under the terms of the antenuptial agreement, the parties should have deferred to the trial court's determination.

█ The division of property rests in the sound discretion of the trial court, *In re Marriage of Faulkner,* 652 P.2d 572 (Colo. 1982), and such division may be equitable without being mathematically equal. *In re Marriage of Nixon,* 785 P.2d 151 (Colo.App. 1989).

Here, both parties waived any claim that they might have against the other's portion of the marital property. However, they did not agree that any marital property must be divided equally. In the absence of such language, and within the totality of the circumstances here, it was within the trial court's discretion to award the Cadillac to the wife without granting the husband any offset.

The judgment is affirmed, except as to the award of maintenance and attorney fees, and the cause is remanded for further proceedings consistent with this opinion.

TURSI and NEY, JJ., concur.