**In re the MARRIAGE OF Diana L. CHRISTEN n/k/a Diana L. Lee, Appellant and Cross–Appellee,**

and

**Thomas E. Christen, Appellee and Cross–Appellant.**

**No. 94CA1314.**

Colorado Court of Appeals, Div. III.

May 18, 1995.

Opinion Modified on the Court's Own Motion June 29, 1995.

Frey, Korb, Haggerty & Michaels, P.C., Ian D. McCargar, Fort Collins, for appellant and cross-appellee.

Allen, Rogers, Metcalf & Vahrenwald, Thomas W. Metcalf, Todd W. Rogers, Fort Collins, for appellee and cross-appellant.

Opinion by Judge JONES.

In this dissolution of marriage proceeding, the primary issues concern unconscionability and application of a marital agreement. Diana L. Christen (wife) appeals the permanent orders concerning maintenance and attorney fees. Thomas E. Christen (husband) cross-appeals the permanent orders for maintenance and division of debt. We reverse and remand for further proceedings to award wife her attorney fees and costs. We affirm the judgment in all other respects.

The wife and husband were married in 1968. In February 1992, they entered into a marital agreement which provided for division of assets and debts, maintenance, attorney fees, and other matters. The parties agreed that the husband would pay maintenance to the wife, even if she were to remarry, in such amount, to be calculated yearly, as would equalize their after-tax incomes. The agreement also provided that if any party was required to retain counsel to enforce

the terms of the agreement, the prevailing party was to be awarded attorney fees and costs.

In May 1992, the wife filed a petition for dissolution of marriage. A decree of dissolution was issued by the court on May 11, 1994.

The trial court incorporated the parties' 1992 marital agreement into the permanent orders. In accordance with that agreement, the court divided equally the parties' property, except for certain debts incurred separately after the date of the agreement. The court also awarded the wife lifetime maintenance, without regard to remarriage or cohabitation of either party, in "such sums as to allow the parties to equalize their incomes on a 'net income' basis," with adjustments made for the tax effects of maintenance and income taxes withheld. For the purpose of that calculation, the husband's income was deemed to be $60,000 per year or his actual income, if greater.

### I. Jurisdiction under C.R.C.P. 58(a) and C.A.R. 4(a)

Initially, we note that the record reflects that the wife's C.R.C.P. 59 motion was filed with the court five days after entry of the decree of dissolution, on May 16, 1994. A minute order dated June 22, 1994, reflects that the court denied the motion on that date. However, the minute order is not signed, nor is any other written, dated, and signed order in the record concerning the C.R.C.P. 59 motion.

■■■ The decree of dissolution satisfies the requirements of C.R.C.P. 58(a). Further it resolved all issues before the trial court. *See Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982). The post-trial motion was timely filed pursuant to C.R.C.P. 59(a) and operated to terminate the time for filing a notice of appeal of the decree of dissolution. *See* C.A.R. 4(a). After the post-trial motion was filed, the trial court had sixty days to "determine" it. *See* C.R.C.P. 59(j); *Marriage of Forsberg,* 783 P.2d 283 (Colo.1989); *City of Colorado Springs v. Timberlane Associates,* 783 P.2d 287 (Colo.1989).

However, the 1994 amendment to C.A.R. 4(a) provides:

The trial court shall continue to have jurisdiction to hear and decide a motion under C.R.C.P. 59 regardless of the filing of a notice of appeal, provided the C.R.C.P. 59 motion is timely filed under C.R.C.P. 59(a) and determined within the time specified in C.R.C.P. 59(j). During such time, all proceedings in the appellate court shall be stayed. *A judgment or order is entered within the meaning of this section (a) when it is entered pursuant to C.R.C.P. 58.* If notice of the entry of judgment, decree, or order is transmitted to the parties by mail, the time for filing of the notice of appeal shall commence from the date of the mailing of the notice. (emphasis added)

C.A.R. 4(a) (amended effective July 1, 1994).

■■ In this context, we conclude that the sentence "A judgment or order is entered within the meaning of this section (a) when it is entered pursuant to C.R.C.P. 58." requires the trial court's "determination" of the C.R.C.P. 59 motion to be reduced to writing, dated, and signed. *See* C.R.C.P. 58(a); *In re Marriage of Hoffner,* 778 P.2d 702 (Colo.App. 1989).

■■ Here, the trial court's determination of the C.R.C.P. 59 motion was reduced to writing as a minute order but it is undisputed that the minute order has not been signed. Thus, the determination of the C.R.C.P. 59 motion has not been entered "pursuant to C.R.C.P. 58."

In so concluding, we are aware that the sixty day period in C.R.C.P. 59(j) for "determining" the motion expired on or as of July 15, 1994. However, in *Marriage of Forsberg, supra,* and *City of Colorado Springs v. Timberlane Associates, supra,* the supreme court held that the sixty-day limitation period applied only to the "determination" of the post-trial motion and that the subsequent entry of a written order outside the sixty-day period recommenced the time for filing a notice of appeal.

As a result, an order satisfying the C.R.C.P. 58 requirement on the determination of the C.R.C.P. 59 motion in this case has not yet been entered. However, because the appellant appeals only the decree of dis-

solution rather than any ruling upon the C.R.C.P. 59 motion, the lack of a C.R.C.P. 58 order on the motion does not create a jurisdiction defect. Thus, we conclude that this court has jurisdiction to consider the appeal of the decree of dissolution, as if the motion had been deemed denied pursuant to C.R.C.P. 59(j).

## II.  Maintenance

### A.  Unconscionable Agreement

The husband contends that the maintenance provision of the agreement is unconscionable. We disagree.

■ Under the Colorado Marital Agreement Act, § 14–2–301, et seq., C.R.S. (1987 Repl.Vol. 6B), parties may contract with respect to the determination, modification, or elimination of spousal maintenance. Section 14–2–304(1)(d), C.R.S. (1987 Repl.Vol. 6B).

■ Even if such an agreement is otherwise enforceable, the maintenance provisions are unenforceable insofar as they are unconscionable at the time of enforcement, and the issue of unconscionability shall be decided by the court as a matter of law. Section 14–2–307(2), C.R.S. (1987 Repl.Vol. 6B).

■ Generally, such an agreement is unconscionable if it is not fair, reasonable, and just. *See In re Marriage of Manzo,* 659 P.2d 669 (Colo.1983); *In re Marriage of Carney,* 631 P.2d 1173 (Colo.App.1981); *In re Marriage of Wigner,* 40 Colo.App. 253, 572 P.2d 495 (1977). Although the cited cases were not decided under the provisions of the Colorado Marital Agreement Act, that common and accepted definition of "unconscionable" is nonetheless applicable here. *See In re Marriage of Dechant,* 867 P.2d 193 (Colo.App. 1993).

■ In light of the record as to the parties' personal and financial circumstances and expectations, including their employment histories and prospects, we cannot conclude as a matter of law that lifetime maintenance, which equalizes the parties' after-tax incomes and presumes husband's minimum annual income to be $60,000, is unconscionable at the present time. And, contrary to the husband's argument, the evidence presented to the trial court, including the parties' financial affidavits, does not suggest that the husband will be impoverished by this maintenance obligation.

The husband's speculation about possible future events, such as unemployment, disability, and remarriage, does not persuade us that the agreement is presently unconscionable. *See also In re Marriage of Udis,* 780 P.2d 499 (Colo.1989); *In re Marriage of Thompson,* 640 P.2d 279 (Colo.App.1982) (court has authority to test an agreement for possible modification if the agreement or the decree reserves that power to the trial court, or if the agreement and the decrees are silent on the power to modify). Moreover, we note that the court has retained jurisdiction to reconsider issues of maintenance, if necessary.

### B.  Amount of Maintenance

The wife contends that the trial court erred by failing to specify the amount of maintenance and establish a mechanism to adjust it for future changes in the parties' incomes. We disagree.

Here, before trial, the wife requested that the maintenance agreement be enforced as drafted. Her accounting expert testified that the agreement could be implemented by estimating the parties' incomes and taxes at the beginning of the year and then adjusting the maintenance payments based on the actual figures at year-end. The husband did not dispute that position. The court subsequently incorporated the maintenance provisions in the permanent orders and rejected the wife's post-trial request for a more specific order, "in view of the changing nature of [the] parties' incomes and deductions."

■ There are no appellate cases interpreting this section of the Marital Agreement Act. However, we conclude that when, as here, parties enter into an agreement which provides, *inter alia,* for maintenance to be paid year-to-year in an amount calculated in accordance with a formula agreed upon by the parties and accepted as not unconscionable by the court, *see In re Marriage of Dechant, supra,* the trial court acts within its discretion in not setting forth an exact

amount of maintenance in its decree of dissolution and permanent orders.

■ Under these circumstances, the trial court should, as the court here did, carefully consider the parties' agreement and whether it is unconscionable and should expressly retain its inherent authority to address any dispute concerning interpretation or enforcement of the agreement, as it is incorporated into the permanent orders, including the amount of maintenance being paid and the mechanism for calculating maintenance. *See In re Marriage of Meisner*, 807 P.2d 1205 (Colo.App.1990).

### III. Attorney Fees and Costs

The wife also contends that the trial court erred by failing to award her attorney fees and costs. We agree.

The marital agreement provides:

In the event either party retains counsel for the purpose of enforcing or preventing the breach of any of the terms and conditions contained herein, or for any other judicial remedy relating to this Agreement, the prevailing party shall be entitled to be reimbursed by the other party for all costs and expenses incurred, including, but not limited to, reasonable attorney fees and costs.

■ If a provision of a marital agreement is complete, clear, and unambiguous, the court is obligated to enforce it as written. *See In re Marriage of Hall*, 681 P.2d 543 (Colo.App.1984).

■ Here, under the plain terms of the marital agreement, the wife was entitled to an award of attorney fees and costs, as she retained counsel and prevailed against the husband's attempts to avoid the agreement. However, the husband correctly contends that, contrary to C.R.C.P. 121, the wife failed to accompany her request for attorney fees, contained in her C.R.C.P. 59 motion, with affidavits or other supporting documentation. For this reason, he asserts, the court did not err in denying the wife's request for attorney fees.

An examination of the record reveals that the husband did not raise his C.R.C.P. 121 issue before the trial court. And, while no rationale is stated by the trial court as to why attorney fees were not granted to the wife, we cannot determine that the C.R.C.P. 121 rationale was placed before the trial court by the husband.

■ Defenses and objections raised for the first time on appeal are not properly before this court and may not be considered by us, as they are deemed to have been waived. *See Christensen v. Hoover*, 643 P.2d 525 (Colo.1982).

Accordingly, this matter is remanded to the trial court to determine and enter judgment for the wife in the amount of reasonable attorney fees and costs as allowed under the marital agreement.

Because we conclude that the wife should receive an award of fees under the agreement, we do not consider her alternative request under § 14–10–119, C.R.S. (1987 Repl.Vol. 6B).

### IV. Debt

■ The husband also contends that the trial court abused its discretion in ordering him to pay the balance due on the second deed of trust encumbering the marital residence. We disagree.

The parties' agreement provides in reference to debts incurred after its date:

[Any] indebtedness incurred in the joint names of the parties, provided that each individually signs the instruments creating such indebtedness, shall be presumed to be the equal responsibility of the parties and each shall be presumed to be liable for the payment of the same in the event of ... dissolution of marriage. Any debt created by a party without the express written consent of the other shall remain the sole and separate responsibility of the party creating said debt.

There was evidence that the balance due on the second mortgage was incurred after the marital agreement was signed and that the husband did not have the wife's express written consent to incur that debt. Therefore, we find no error in the court's determi-

nation that the husband should be solely responsible for it.

We will not consider the husband's argument as to debts, raised for the first time on appeal, concerning the term "created." *See In re Marriage of Gavend*, 781 P.2d 161 (Colo.App.1989).

The judgment is reversed with respect to the wife's attorney fees and costs, and the cause is remanded for further proceedings to determine those reasonable fees and costs and to enter judgment accordingly. In all other respects, the judgment is affirmed.

HUME and TAUBMAN, JJ., concur.