20CA1199 Marriage of Renninger 10-21-2021 COLORADO COURT OF APPEALS Court of Appeals No. 20CA1199 Arapahoe County District Court No. 19DR30890 Honorable Peter F. Michaelson, Judge In re the Marriage of Georgia Renninger, Appellee and Cross-Appellant, and Larry Gene Renninger, Appellant and Cross-Appellee. ORDER AFFIRMED IN PART AND REVERSED IN PART Division II Opinion by JUDGE ROMÁN Berger and Yun, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced October 21, 2021 Lass Cooper & Ramp, LLC, Patricia A. Cooper, Katharine Elena Lum, Denver, Colorado, for Appellee and Cross-Appellant Kumpf Charsley & Hansen, LLC, Robert E. Wells, Englewood, Colorado, for Appellant and Cross-Appellee 
1 ¶ 1 In this legal separation proceeding, Larry Gene Renninger (husband) appeals and Georgia Renninger (wife) cross-appeals the district court’s declaratory order that interpreted the terms of their 1991 prenuptial agreement. We affirm in part and reverse in part. I. Facts ¶ 2 Wife petitioned for a legal separation from husband in 2019. Along with his response to the petition, husband put wife “on notice” that he intended to assert the validity of their prenuptial agreement. Thereafter, the parties submitted a joint motion seeking declaratory relief of their rights under the agreement and, specifically, its application to premarital retirement accounts. ¶ 3 The court requested briefing by the parties. After considering their positions, the court reached the following relevant conclusions: 2. The Court concludes that the Agreement states a valid exception to the marital property rule and, therefore, served a valid purpose. 3. The Court concludes that the exception to the rule is that in this marriage assets and appreciation to retirement and benefit accounts which existed at the time of marriage are the sole property of each party upon dissolution. 
2 4. The Court further concludes that contributions during marriage to any and all retirement accounts, and appreciation related to those contributions during marriage are marital property. 5. The Court concludes that benefits such as pension benefits which created, conferred, or accrued prior to marriage are separate property. 6. The Court concludes that different benefits such as new pension benefits which did not exist prior to marriage but were created, conferred, or accrued after marriage are marital property. ¶ 4 Wife moved under C.R.C.P. 59 for the court to clarify what it meant by “new pension benefits” and “different benefits.” The court clarified that the expression “new pension benefits” reflected its “intention that only new pension plans in which a party enrolls after a marriage are marital property.” It otherwise denied wife’s post-trial motion. ¶ 5 The court certified its declaratory order as a final judgment pursuant to the parties’ joint request under C.R.C.P. 54(b). II. The Appeals ¶ 6 The parties appeal the district court’s interpretation of the agreement, but for different reasons. Husband disagrees with the court’s conclusion that post-marriage contributions to premarital 
3 retirement accounts are marital, and wife disagrees with the conclusion that only those retirement accounts and benefits established after the date of the marriage are marital. Resolving these arguments requires us to review the following four relevant paragraphs of the agreement: 4. The parties agree and stipulate that all property and assets presently belonging to the Prospective Wife, including proceeds of sale, income, earnings and/or interest therefrom and appreciation thereof, shall remain the Prospective Wife’s . . . . Furthermore, all such property and assets shall be considered and treated as “Separate Property” pursuant to C.R.S. Section 14-10-113 in the event of dissolution of the parties’ marriage. 5. The parties agree and stipulate that all property and assets presently belonging to the Prospective Husband, including proceeds of sale, income, earnings and/or interest therefrom and appreciation thereof, shall remain the Prospective Husband’s . . . . Furthermore, all such property and assets shall be considered and treated as “Separate Property” pursuant to C.R.S. Section 14-10-
113 in the event of dissolution of the parties’ marriage. . . . 7. The parties agree and stipulate that all property and assets acquired by them after the date of their marriage (other than with the proceeds of the sale or other disposition of a 
4 party’s separate property . . .), including proceeds of sale, income, earnings and/or interest thereon or appreciation thereof, shall be the marital property of the parties. . . . 9. The parties agree and stipulate that any and all retirement accounts and benefits by whatever name or designation which either one owns when they get married, together with all appreciation and earnings thereafter, shall remain the sole and separate property of the party who owned it when they married. Any and all retirement accounts and similar benefits which are created, conferred or accrued after the parties get married, together with all contributions to any retirement accounts and all appreciation and earnings on any sums contributed after they get married shall be marital property, as defined elsewhere in this agreement. It is the intent of this paragraph that all sums currently in the parties’ existing retirement accounts, including appreciation or internal earnings thereon after the date of marriage, shall be the separate property of the party owning same on the date of their marriage. A. Relevant Law ¶ 7 A marital agreement is a contract between the parties to a marriage prior to its incorporation into a dissolution decree. In re C.G.G., 946 P.2d 603, 606 (Colo. App. 1997). We construe marital agreements in the same manner as other contracts, In re Estate of Gadash, 2017 COA 54, ¶ 40, meaning that we consider the contract 
5 as a whole and give effect to every provision, if possible, Vallagio at Inverness Residential Condo. Ass’n v. Metro. Homes, Inc., 2015 COA 65, ¶ 19, aff’d, 2017 CO 69. ¶ 8 We interpret contracts based on the plain and generally accepted meaning of the words employed. Gadash, ¶ 40. The parties’ disagreement as to the meaning of the terms of a contract does not create an ambiguity. See also People ex rel. Rein v. Jacobs, 2020 CO 50, ¶ 44. Where the contract’s terms are unambiguous, we determine the parties’ intent from the language of the instrument itself. Id. Complete, clear, and unambiguous contracts will be enforced as written. In re Marriage of Christen, 899 P.2d 339, 344 (Colo. App. 1995). ¶ 9 Interpreting a written contract and determining whether it is unambiguous are questions of law on which we need not defer to the district court. In re Marriage of Crowder, 77 P.3d 858, 860 (Colo. App. 2003). B. Husband’s Appeal ¶ 10 Husband contends that the agreement unambiguously provides that all increases in value of a retirement account owned on the date of the marriage, no matter the source of the increase, 
6 are separate property. He thus argues that the court erred by concluding that “contributions during marriage to any and all retirement accounts, and appreciation related to those contributions during marriage are marital property.” We disagree. ¶ 11 This argument turns on the interpretation of the second half of the second sentence of Paragraph 9 in the parties’ agreement: “[A]ll contributions to any retirement accounts and all appreciation and earnings on any sums contributed after they get married shall be marital property, as defined elsewhere in this agreement.” ¶ 12 The word “any” generally means “all.” Stamp v. Vail Corp., 172 P.3d 437, 447 (Colo. 2007). In turn, the word “all” “means the whole of, the whole number or sum of, or every member or individual component of, and is synonymous with ‘every’ and ‘each.’” Hudgeons v. Tenneco Oil Co., 796 P.2d 21, 23 (Colo. App. 1990). These are unambiguous words. ¶ 13 Hence, Paragraph 9 unambiguously states that each and every contribution made to each and every retirement account after the date of the marriage, and the whole of the appreciation and earnings on those contributions, is marital property. Put another way, this sentence signifies the parties’ intent that post-marriage 
7 contributions to their premarital retirement accounts would be considered as marital property. ¶ 14 Husband stresses that (1) Paragraphs 4 and 5 clearly state that assets and property owned on the date of the marriage and all related increases in value are separate; and (2) Paragraph 7 clearly states that assets and property acquired after the date of the marriage and related increases are marital. He thus argues that the agreement as a whole shows that the retirement accounts and related appreciation are either separate or marital based on their date of acquisition, but they cannot be both. We disagree. ¶ 15 While Paragraphs 4, 5, and 7 define and distinguish separate property from marital property depending on whether property was owned before or after the date of the marriage, Paragraph 9 is specific to the parties’ retirement accounts and similar benefits. “In resolving conflict between terms of an agreement, specific provisions prevail over general provisions.” Crowder, 77 P.3d at 861. The inclusion of Paragraph 9 demonstrates that the parties had different intentions when it came to the characterization of their premarital retirement accounts. Thus, Paragraph 9 prevails 
8 over Paragraphs 4 and 5 as it concerns retirement accounts and related increases. ¶ 16 Recognizing that Paragraph 9 specifically pertains to and treats retirement accounts differently than other assets or property does not render Paragraphs 4, 5, or 7 meaningless. See Rein, ¶ 43 (we interpret the contract in its entirety, seeking to harmonize and give effect to all of its provisions so that none will be rendered meaningless). Those paragraphs still apply to other forms of assets and property, such as those listed in the exhibits attached to the agreement. Further, Paragraph 9 is consistent with Paragraphs 4 and 5 by verifying that premarital retirement accounts and related increases are separate, like other forms of property. The only difference is that Paragraph 9 carves out an exception to the characterization of post-marriage contributions to premarital retirement accounts. ¶ 17 Husband also argues that post-marriage contributions must be considered separate because Paragraphs 4 and 5 declare that “all” forms of increase in separate assets and property are separate. Yet Paragraph 9 specifically discusses the characterization of retirement accounts and related increases and prevails over the 
9 more general Paragraphs 4 and 5 in this regard. See Crowder, 77 P.3d at 861. Therefore, we conclude that the parties did not intend for “all” forms of increase to premarital retirement accounts, regardless of their source, to be considered as separate property. ¶ 18 Finally, husband points out that the first and third sentences of Paragraph 9 confirm that premarital retirement accounts, the sums in those accounts on the date of the marriage, and related appreciation or earnings on those accounts are separate. However, we find the inclusion of the second sentence of Paragraph 9 significant, because it plainly expresses the parties’ intent that retirement accounts owned before the date of the marriage are separate but the parties’ contribution to those accounts made after the date of the marriage is marital. Once more, this sentence makes clear that the parties intended to treat post-marriage contributions to retirement accounts differently. ¶ 19 Accordingly, we conclude that the agreement unambiguously states that post-marriage contributions to the parties’ premarital retirement accounts, and related appreciation and earnings, are marital property. 
10 III. Wife’s Appeal ¶ 20 Wife contends that the court erred by concluding that “new pension plans in which a party enrolls after a marriage are marital property.” She argues that the word “accrued” as used in Paragraph 9 means that the parties intended to treat as marital those premarital pension benefits that increased in value during the marriage. We agree that the court erred and therefore reverse its conclusion. ¶ 21 Once more, this argument turns on the second sentence of Paragraph 9. This time, we look to the meaning of the words “created,” “conferred,” and “accrued.” Because the agreement does not define these words, we may look to the dictionary for guidance in determining their plain and ordinary meanings. See Weitz Co. v. Mid-Century Ins. Co., 181 P.3d 309, 312 (Colo. App. 2007) (“Dictionaries may be used to assist in the determination of the plain and ordinary meaning of words.”). ¶ 22 The word “accrued” means “to come into existence as an enforceable claim: vest as a right,” and the word “create” means “to bring into existence: make out of nothing for the first time.” Webster’s Third New International Dictionary 13, 532 (2002). The 
11 word “confer” means “to grant (something) as a gift, benefit or honor; bestow.” Black’s Law Dictionary 371 (11th ed.). ¶ 23 The three words are joined by the word “or.” See Bledsoe Land Co. v. Forest Oil Corp., 277 P.3d 838, 846 (Colo. App. 2011) (we give effect to every word of a contract and render none superfluous). Generally, we presume the disjunctive use of the word “or” marks distinctive categories. See Lombard v. Colo. Outdoor Educ. Ctr., Inc., 187 P.3d 565, 571 (Colo. 2008). ¶ 24 The word “or” as used in the second sentence of Paragraph 9 indicates that “conferred,” “created,” and “accrued” convey three different things. The words are not, as husband argues, synonymous with one another. The sentence clearly states that retirement accounts or similar benefits that are brought into existence for the first time (“created”), granted or bestowed (“conferred”), or vest as an enforceable right (“accrued”) after the date of the marriage are marital. ¶ 25 Of course, the premarital retirement accounts themselves, as well as any appreciation and accrued interest on those accounts, will remain separate property per Paragraphs 4, 5 and 9. But new contributions to the premarital retirement accounts that postdate 
12 the marriage and all appreciation on those contributions are marital property. ¶ 26 Therefore, we reverse the court’s conclusions that only “new pension plans” not in existence at the time of the marriage, or those plans in which a party enrolls after a marriage, are marital property. Under Paragraph 9, retirement benefits owned before the date of the marriage may be considered marital to the extent they “accrued” after the date of the marriage. IV. Conclusion ¶ 27 The order is affirmed in part and reversed in part. JUDGE BERGER and JUDGE YUN concur.